**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT MCMAHON,<br>on behalf of plaintiff and the classes defined<br>herein, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.;<br>ALEGIS GROUP, LLC;<br>and TATE & KIRLIN ASSOCIATES, INC., | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

**COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Scott McMahon brings this action to secure redress from unlawful collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and Tate & Kirlin Associates, Inc. ("Tate & Kirlin").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted

1

plaintiff within this District;

        b.      Defendants do or transact business within this District.

## PARTIES

5.      Plaintiff Scott McMahon is an individual who resides in the Northern District of Illinois.

6.      Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.   It does or transacts business in Illinois.

7.      Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

9.      Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

10.      Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

11.      Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

12.      Defendant LVNV is a "debt collector" as defined in the  FDCPA.

13.      Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.  It does or transacts business in Illinois.

14.      Defendant Resurgent operates a collection agency.

15.      Defendant Resurgent holds one or more collection agency licenses.

16.      Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

17.     Defendant Resurgent is a debt collector as defined in the FDCPA.

18.     Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.   It is the sole general partner of Resurgent.  As such, the acts of Resurgent are attributed to it.

19.     Defendant Tate & Kirlin Associates, Inc. is a Pennsylvania corporation with its principal place of business located at 2810 Southampton Road, Philadelphia, PA, 19154.

20.     Tate & Kirlin operates a collection agency and regularly collects debts originally owed to others, using the mails and telephone system for that purpose.

21.     Tate & Kirlin is a debt collector as defined in the FDCPA.

## RELATIONSHIP BETWEEN LVNV AND RESURGENT

22.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

23.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

24.     Defendant LVNV formerly stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

25.     Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased

3

assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

26.     The Web site has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

27.     Defendants Resurgent and LVNV are under common ownership and management.  Both are part of the Sherman Financial Group.

28.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS

29.     On or about December 19, 2011, Tate & Kirlin sent plaintiff the letter attached as Exhibit A.

30.     Tate & Kirlin sent Exhibit A on behalf of LVNV.

31.     Resurgent sent the purported debt to Tate & Kirlin on behalf of LVNV.

32.     On information and belief, pursuant to the arrangements between LVNV and Resurgent described above, Resurgent arranged for the retention of Tate & Kirlin.

33.     Exhibit A sought to collect a purported residential gas bill incurred for personal, family or household purposes and not for business purposes.

34.     If the debt is owed at all, it was incurred during 1997.

35.     The statute of limitations on a gas bill in Illinois is 4 years.

4

36. Defendants regularly seek to collect gas bills.

37. Defendants also regularly seek to collect credit card bills.

38. The statute of limitations on a credit card bill in Illinois is five years.

39. Defendants regularly attempt to collect debts on which the statute of limitations has expired.

40. Plaintiff disputed the alleged debt. On or about December 29, 2011, plaintiff sent Tate & Kirlin the letter attached as Exhibit B.

41. On or about January 13, 2012, defendant Resurgent sent plaintiff the letter attached as Exhibit C, seeking to collect the same debt.

42. Nothing in Exhibit A or Exhibit C disclosed that the debt was barred by the statute of limitations.

43. Nothing in Exhibit A or Exhibit C disclosed the date of the transactions giving rise to the claimed debt.

44. It is the policy and practice of defendants to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

45. It is the policy and practice of defendants to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

46. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

5

## VIOLATION ALLEGED

47.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

48.     The nondisclosure is exacerbated by the offer of a "settlement" in Exhibit A.  An offer to settle implies a colorable obligation to pay.

49.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

50.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

51.     Plaintiff brings this claim on behalf of two classes, designated LVNV and Tate & Kirlin, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.     The LVNV class consists of (a) all individuals in Illinois (b) to whom LVNV, Resurgent, or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had

been made more than five years prior to the letter or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

53.     The Tate & Kirlin class consists of (a) all individuals in Illinois (b) to whom Tate & Kirlin (c) sent a letter seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

54.     On information and belief, each class is so numerous that joinder of all members is not practicable.

55.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants attempt to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

56.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

58.     A class action is superior for the fair and efficient adjudication of this matter, in that:

       a.      Individual actions are not economically feasible.

       b.      Members of the class are likely to be unaware of their rights;

       c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

7

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

(1)     Statutory damages;

(2)     Actual damages, including all amounts paid on time-barred debts;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26519\Pleading\Complaint_Pleading.wpd

EXHIBIT A



2810 Southampton Road
Philadelphia, PA 19154-1207

████7910           2 2 00000368
                   946332

# TATE & KIRLIN ASSOCIATES

*2810 Southampton Road*
*Philadelphia, PA 19154-1207*
*Toll Free (866) 520-3790 • (215) 554-6482*
*www.paytka.com*

Scott MC Mahon
████████████████████

Redacted

December 19, 2011

| | |
|---|---|
| Creditor: | LVNV FUNDING LLC |
| Previous Creditor: | NICOR GAS |
| Client Ref #: | ████3231 |
| Account#: | ████7910 |
| Total Due: | $584.98 |

This account has been listed with our office for collection. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

### An Opportunity:

We are pleased to extend to you an offer to settle your account in full for $233.99. This represents a savings of 60% off your balance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Yours truly,

*Thomas McNamee*

## PLEASE SEE ADDITIONAL PAGE(S) FOR IMPORTANT PRIVACY NOTICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

December 19, 2011
Scott MC Mahon
████████████████████

**Please indicate any address changes below:**

Address: _____
City, State, Zip _____
Home Phone #: _____
Business Phone #: _____

| | |
|---|---|
| Creditor: | LVNV FUNDING LLC |
| Previous Creditor: | NICOR GAS |
| Client Ref #: | ████3231 |
| Account#: | ████7910 |
| Total Due: | $584.98 |



## Tate & Kirlin Associates

2810 Southampton Road
Philadelphia, PA 19154-1207

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | | |
|---|---|---|
| **VISA** | CARD NUMBER | EXP DATE |
| | SIGNATURE | |
| **MasterCard** | AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

G311-S40
TNK.wfd
946332

EXHIBIT B

December 29, 2011

Thomas McNamee

**TATE & KIRLIN ASSOCIATES**

2810 Southampton Rd

Philadelphia PA 19154-1207

Subject: Acct # ████7910

Dear Mr McNamee:

This is a response to your correspondence dated 12/19/2011 regarding a bill for $584.98 (acct #████7910) and an opportunity to settle that bill for $233.99. A copy of that correspondence is included with this letter.

If you send me verification of the debt and evidence your company is authorized to collect it, we can settle this quickly.

Thank you.

Sincerely,

Scott A. McMahon

████████

████████

Encl: Bill for $233.99

EXHIBIT C

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601



RESURGENT
*Capital Services*

Toll Free Phone:    1-866-464-1187
Toll Free Fax:      1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

472664646

January 13, 2012

Previous Creditor: Nicor Gas
Current Creditor: LVNV Funding LLC
Account Number: ████3231
Balance: $584.98

VALVOD-CS-1        *A-01-VSA-AM-14173-41

SCOTT MC MAHON

Redacted

Dear Scott Mc Mahon:

This account has been placed with Resurgent Capital Services L.P.

Enclosed please find validation of debt that verifies the debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Si usted no entiende el contenido de esta carta o tiene mas preguntas, por favor contacte a uno de nuestros representantes que hablan español al numero 1-866-464-1187.

For your convenience, you may submit your payment online at **www.rcspay.com.**

You may also send your payment to the address listed below:

Resurgent Capital Services L.P.
PO Box 10466
Greenville, SC 29603

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

---

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

### INFORMATION REGARDING YOUR LEGAL RIGHTS

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The following is a Spanish translation of the information previously provided.

*Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.*

A menos que usted nos notifique dentro de los 30 días después de recibir este aviso que usted cuestiona la validez de esta deuda, o cualquier porción de la misma, asumiremos que esta deuda es válida. Si usted nos notifica por escrito dentro de los 30 días después de recibir este aviso que cuestiona la validez de esta deuda, o cualquier porción de la misma, obtendremos la verificación de la deuda u obtendremos la copia de la sentencia y le enviaremos la copia de dicha sentencia o verificación. Si nos lo pide por escrito, dentro de los 30 días después de recibir este aviso, le facilitaremos el nombre y la dirección del acreedor original, si no coincide con el acreedor actual.

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION

**Validation of Debt**

**January 12, 2012**

**Scott Mc Mahon**

LVNV Funding LLC currently owns account number ███3231. The account was previously sold by Nicor Gas on or about 09-23-2011 and at that time the balance on this account was $584.98. As of the date of this communication, the account balance is $584.98. Because interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance to vary from day to day, you should contact us at 1-866-464-1187 to determine the exact balance.

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION

VALVOD-CS  A-01-VSA-AM-14173-41   3 of 3 PAGES

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Limestone Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | LVNV Funding, LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | PYOD LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | Resurgent Capital Services L.P. | Sherman Acquisition Limited Partnership |
| Granite Asset Management LLC | Resurgent Capital Services PR LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

030211