**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SCOTT MCMAHON,                                      )
on behalf of plaintiff and the classes defined      )
herein,                                             )
                                                    )
　　　　　　　Plaintiff,                            )        12-cv-1410
                                                    )
　　　vs.                                           )        Judge Kocoras
                                                    )        Magistrate Judge Denlow
LVNV FUNDING, LLC,                                  )
RESURGENT CAPITAL SERVICES, L.P.;                   )
ALEGIS GROUP, LLC;                                  )
and TATE & KIRLIN ASSOCIATES, INC.,                 )
                                                    )
　　　　　　　Defendants.                          )

**PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO**
**ARGUMENTS RAISED BY DEFENDANTS FOR FIRST TIME**
**IN THEIR REPLY IN SUPPORT OF MOTION TO DISMISS**

　　　　　Plaintiff respectfully requests leave to respond to arguments raised by defendants

for the first time in their reply in support of motion to dismiss.

　　　　　The grounds for this motion are as follows:

　　　　　1.　　　Defendants' motion to dismiss did not address any of the administrative

law issues raised by plaintiff's complaint, which asked the Court to follow the FTC's stated

position in filing and accepting a consent decree in *United States of America (For the Federal*

*Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

　　　　　2.　　　Plaintiff has therefore not had any opportunity to address defendants'

arguments in that regard, which are presented for the first time in their reply brief.

　　　　　3.　　　Defendants cite (Reply, p. 1) *Belleville Toyota, Inc. v. Toyota Motor*

*Sales, U.S.A., Inc*., 199 Ill.2d 325, 351, 770 N.E.2d 177, 195 (2002), for the proposition that

"Illinois law permits collection of time-barred debt."　The cited pages of *Belleville* say nothing

of the sort.　They contain an extensive discussion of what statute of limitations governed a

business dispute regarding allocation of cars to an auto dealer.　Elsewhere in the opinion (199

Ill.2d at 344, 770 N.E.2d at 190)　there is a statement that "concepts of equitable estoppel, tolling

1

and waiver usually apply to statutes of limitations," but it does not follow that a debt collector is affirmatively permitted to engage in the practice of collecting clearly time-barred consumer debts. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1488 (M.D.Ala. 1987).

4.     Defendants wrongly claim that plaintiff alleges that defendants' "letters imply a threat of litigation because they offer settlement" (Reply, p. 2).  What plaintiff actually alleged was that defendants' statement implies that there is a legally enforceable obligation to "settle." (Cmplt., ¶48)  A false representation of a consumer's legal rights is actionable even without a "threat."  *See* 15 U.S.C. §1692e(4) (defining as deceptive the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action").

5.     Defendants discuss (Reply, pp. 2-3) the FTC Staff Commentary under the FDCPA, 53 Fed.Reg. 50097 (1988), which was given some but not "conclusive" weight because it sometimes "falls outside the range of reasonable interpretations of the Act's express language," in part because it was written by staff attorneys and "did not undergo full agency consideration." The filing of the *Asset Acceptance* action and the acceptance of a consent decree ***were*** voted upon by the Commissioners,  the legal position was adopted after extensive consideration, it does not contravene any express language in the FDCPA, and the FTC issued a statement to the industry warning others to comply.  Nor is the FTC's interpretation of "deceptive" "outside the range of reasonable interpretations of the Act's express language"  –  "deceptive" does not have a "plain meaning," but is a very general term that the FTC was to define through adjudication. *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 384-85 (1965).

6.     Defendants cite (Reply, p. 4) *Altria Group, Inc. v. Good*, 555 U.S. 70, 89 n. 13 (2008), for the proposition that a consent order is not evidence of agency action.  This is highly misleading.  In *Altria*, a party contended that the FTC's acceptance of a consent decree enjoining a cigarette manufacturer from advertising products as "low in tar" unless accompanied

by a clear disclosure of tar and nicotine content numbers meant that the FTC required manufacturers to disclose those numbers and "authorized them to use descriptors as shorthand references to those numerical test results" (555 U.S., at 88), preempting state law liability for "low tar" representations. The Court declined to make the inferential leap that an injunction prohibiting A means that anything other than A is authorized; "the decree only enjoined conduct." Here, plaintiff contends that the FTC's filing a complaint and accepting a decree enjoining A means that A is prohibited. There is no inferential leap.

       7.     Defendants cite (Reply, pp. 5-6) a 1994 Seventh Circuit case stating that *Chevron* deference does not apply when an agency lacks rulemaking power when the Supreme Court held in 2001 that *Chevron* deference also applies when an agency is expressly authorized to engage in adjudication. *United States. v. Mead Corp*., 533 U.S. 218, 229-31 (2001); *accord*, *United States v. Eurodif S.A.*, 555 U.S. 305, 315-316 (2009) (deference must be given even if the interpretation is contrary to prior judicial decisions). The FTC is expressly authorized to bring cases against debt collectors, both before courts and its own administrative law judges, and such authority necessarily means that the FTC must adopt positions as to what collection practices are "deceptive".

       8.     Further, even if the FTC position is not entitled to *Chevron* deference, it is entitled to *Skidmore* deference, *Skidmore v. Swift & Co.,* 323 U.S.134, 140 (1944); *Christensen v. Harris Cnty*., 529 U.S. 576, 587 (2000). The FTC determined that "because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, the Commission believes that in many circumstances such a collection attempt may create a misleading impression that the collector can sue the consumer in court to collect the debt, in violation of Section 5 of the FTC Act and Section 807 [1692e] of the FDCPA. To avoid creating this misleading impression, collectors would need to disclose clearly and prominently to consumers before seeking payment on such time-barred debt that, because of the passage of time, they can no longer sue in court to collect the debt or otherwise compel payment." (2010

3

Debt Collection and Arbitration Roundtables Report, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* (2010)), pp. 26-27, available at http://www.ftc.gov/os/2010/07/debtcollectionreport.pdf. Defendants do not suggest why the FTC's determination is unreasonable or outside a legitimate interpretation of "deceptive."

9.      Contrary to defendants' contention, plaintiff does ***not*** "ask[] this court to require a debt collector to disclose that a debt is time-barred in order to avoid liability under the Act." (Reply, pp. 6-7)   Plaintiff asks the Court to follow the ***FTC's*** considered opinion that failure to do so is deceptive.  The concept of  "deception" has long been held to include the failure to make affirmative statements or disclosures necessary to make statements or conduct not misleading.  *In re Southwest Sunsites, Inc.*, 106 F.T.C. 39, 327 (1985), aff'd, 785 F.2d 1431, 1438 (9th Cir. 1986).  Such requirements are well within accepted parameters of prohibiting "deceptive" conduct, and do not amount to "legislation."

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26519\Pleading\Plaintiff's Motion for leave to respond to new matter_Pleading.WPD

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on June 4, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Nabil G. Foster
nfoster@hinshawlaw.com

s/Daniel A. Edelman
Daniel A. Edelman