UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT MCMAHON, on behalf of plaintiff )
and classes defined herein, )
 )
               Plaintiff, )
 )
  vs. )     12 C 1410
 )
LVNV FUNDING, LLC, RESURGENT )
CAPITAL SERVICES, L.P., ALEGIS )
GROUP, LLC, and TATE & KIRLIN )
ASSOCIATES, INC., )
 )
               Defendants. )

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendants LVNV Funding, LLC, Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC, and Tate & Kirlin Associates, Inc.'s ("Tate & Kirlin") (collectively, "Defendants") motion to dismiss Plaintiff Scott McMahon's ("McMahon") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

### BACKGROUND

In 1997, McMahon incurred a debt to an Illinois gas utility company. Sometime thereafter, Defendant LVNV purchased McMahon's debt. LVNV and Resurgent are

under common ownership and management, and Alegis Group is Resurgent's sole general partner. Resurgent retained Tate & Kirlin to collect McMahon's debt.

On December 19, 2011, Tate & Kirlin sent McMahon a letter seeking to collect the debt. McMahon requested verification of the debt, to which Resurgent responded with a letter dated January 13, 2012. Resurgent's response indicated that McMahon's account "was previously sold by Nicor Gas on or about 09-23-2011 and at that time the balance on this account was $584.98." The letter did not disclose that the debt was approximately fifteen years old. Because the debt was incurred in 1997, the four year statute of limitations on collecting gas bills had lapsed. *See* 810 ILCS 5/2-725.

On February 28, 2012, McMahon filed a class-action complaint against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f. McMahon alleges that Defendants violated the FDCPA by sending dunning letters that failed to disclose that the debts were time-barred. Defendants seek dismissal of both McMahon's individual and class-wide claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Generally, a court may not consider documents outside of the pleadings in deciding a motion to dismiss under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). However, a court may consider such documents if they are central to a plaintiff's claims, are attached to the complaint, or are matters of public record. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). The Court will therefore consider additional evidence that was attached to the complaint or that is a matter of public record without converting Defendants' motion to dismiss into a motion for summary judgment.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. To state a claim, the allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" rather, a claim must provide sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 570). In ruling on a motion to dismiss, a court accepts all well-pleaded facts and allegations as true and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

**DISCUSSION**

**I.  Class Allegations**

The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e. Specifically, a debt collector may not: (1) falsely represent "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); (2) threaten "any action that cannot legally be taken

- 3 -

or that is not intended to be taken," 15 U.S.C. § 1692e(5); (3) "use any false representation or deceptive means to . . . attempt to collect any debt," 15 U.S.C. § 1692e(10); or (4) use unfair or unconscionable means to collect" on a debt, 15 U.S.C. § 1692f.

Notably, the FDCPA does not explicitly require a debt collector attempting to recover on a time-barred debt to disclose that the debt is time-barred. Moreover, several courts in this district and two federal circuit courts have concluded that such attempts are not actionable under the FDCPA unless accompanied by a threat of litigation. *See e.g.*, *Murray v. CCB Credit Servs., Inc.*, 2004 WL 2943656 at *2 (N.D. Ill. Dec. 15, 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001); *accord Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3rd Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). The courts reasoned that because the statute of limitations merely limits the judicial remedies available to the creditor and does not eliminate the underlying debt, attempting to collect on a time-barred debt without disclosing as much is not deceptive under the FDCPA unless a dunning letter threatens litigation. As McMahon does not allege that Defendants' letters implicitly or explicitly threaten litigation,[2] the Court is inclined to accept the sound reasoning of its sister courts and dismiss McMahon's complaint.

---

[2] In his sur-reply, McMahon explicitly states that he is not alleging that the letters contain an express or implied threat of litigation.

McMahon invites us to stray from existing judicial precedent in light of a recent lawsuit filed by the Federal Trade Commission ("FTC") in the Middle District of Florida. On January 30, 2012, the FTC filed suit against a debt collection agency, Asset Acceptance, LLC ("Asset Acceptance"), alleging several violations of the FDCPA and Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a). *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012). The FTC, charged with enforcing the FDCPA,[3] alleged that Asset Acceptance's failure to disclose that a debt was time-barred was deceptive under the FDCPA. The same day that the complaint was filed, Asset Acceptance and the FTC entered into a Consent Decree pursuant to which Asset Acceptance was required to pay $2.5 million and include the following language in all subsequent collection letters in which Asset Acceptance knew that the statute of limitations on the debt had expired: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

At the time that the FTC filed suit against Asset Acceptance, it held "some interpretive and enforcement authority with respect to the FDCPA." *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011); *see* 15 U.S.C. § 1692l(d) (2011). We must therefore determine what weight, if any, to afford the FTC's position. McMahon

---

[3] The responsibility of enforcing the FDCPA has since been transferred to the Consumer Financial Protection Bureau.

contends that the FTC's position is entitled to *Chevron* deference or, in the alternative, *Skidmore* deference.

###### A. *Chevron* Deference

In *Chevron U.S.A. Inc. v. Natural Res. Def. Counsel, Inc.*, the Supreme Court held that if a statute is silent or ambiguous in a particular respect, a court will defer to an agency's reasonable interpretation of the statute. 467 U.S. 837, 843 (1984). *Chevron* deference is mandatory when "Congress has expressly or implicitly indicated that it intended an agency to speak with the force of law on a matter, and the agency's position on that matter is reasonable." *Matz v. Household Int'l Tax Reduction Inv. Plan*, 265 F.3d 572, 574 (7th Cir. 2001) (citing *United States v. Mead Corp.*, 533 U.S. 218, 229-30 (2001)). Even absent explicit rule-making authority, Congress may implicitly confer such authority "when it provides for a relatively formal administrative procedure tending to foster the fairness and deliberation that should underlie a pronouncement of such force." *Mead*, 533 U.S. at 230. Such formal procedures typically include "notice-and-comment rulemaking or formal adjudication." *Id.* (collecting cases).

In enacting the FDCPA, Congress expressly denied the FTC rule-making authority. 15 U.S.C. § 1692l(d) (2011). Additionally, the FTC's suit against Asset Acceptance does not constitute a formal adjudication. *See* 5 U.S.C. 551(7) (defining an "adjudication" as "an agency process for the formulation of an order"). Morover, the

Consent Decree explicitly states that the parties settled the matter "without adjudication of any issue of fact or law." McMahon nevertheless maintains that the Consent Decree should be afforded the same deference as a formal administrative adjudication or an administrative rule. However, McMahon has not cited to any case law in which a court granted *Chevron* deference to an agency's consent decree with an unrelated party.[4] Therefore, the FTC's position as evinced by the Asset Acceptance Consent Decree is not entitled to *Chevron* deference.

**B.**    ***Skidmore* Deference**

McMahon alternatively asserts that the FTC's position is entitled to *Skidmore* deference. In *Skidmore v. Swift*, the Supreme Court afforded limited deference to an agency's interpretation of a statute due to the "specialized experience and broader investigations and information" available to the agency. 323 U.S. 134, 139 (1944). The degree of deference depends on the "thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later

---

[4] McMahon cites to *Commonwealth v. Fremont Inv. & Loan*, in which the Supreme Court of Massachusetts considered the Federal Deposit Insurance Corporation's ("FDIC") position on what constitutes "unfair practices" under a Massachusetts consumer protection law. 897 N.E.2d 548, 559 (Mass. 2008). However, the *Fremont* court did not indicate what level of deference it gave to the FDIC's position. McMahon also cites to *State of Alaska v. O'Neill Investigations*, in which the Alaska Supreme Court gave deference to the FTC's interpretation of "unfair and deceptive acts" under the Federal Trade Commission Act. Just as in *Fremont*, the *O'Neill* court did not indicate what level of deference it gave. Moreover, in granting deference to the FTC's position, the court noted that the FTC has administrative rule-making powers under the Federal Trade Commission Act. Under the FDCPA, the FTC lacks any rule-making authority.

pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.* at 140. Generally, "an agency's position may be accorded respect depending on its persuasiveness." *Matz*, 265 F.3d at 574.

The FTC has extensive experience in investigating and prosecuting debt collectors under the FDCPA and has conducted extensive studies of debt collection practices. Notably, however, the FTC has not issued an official commentary or advisory opinion on this matter. Still, McMahon urges this Court to adopt the FTC's position as expressed through the filing of the complaint against Asset Acceptance and the accompanying Consent Decree.

Neither the Asset Acceptance complaint nor the Consent Decree constitute a definitive policy statement by the FTC. Neither outlines the reasoning, methodology, or factual predicate for McMahon's assertion that sending dunning letters to collect on time-barred debt is deceptive under the FDCPA. Moreover, neither document discusses the existing case law addressing this issue and the perceived deficiencies therein. As such, neither the Consent Decree nor the Asset Acceptance complaint are persuasive.

The clearest position taken by the FTC is expressed in a 2010 FTC Report (the "Report"). FTC, 2010 Debt Collection and Arbitration Roundtables Report, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* (July 2010), available at http://www.ftc.gov/os/2010/07/ debtcollectionreport.pdf. The

Report was the culmination of several conferences, multiple workshops, and the FTC's extensive experience in addressing debtor complaints under the FDCPA. The FTC notified industry participants of these discussions and invited their comments. While this suggests that the FTC's findings may be entitled to some deference, the Report's conclusions are ambiguous at best. For example, the FTC concluded that "*in many circumstances*, [attempting to collect on a time-barred debt] *may* create a misleading impression that the collector can sue the consumer in court to collect the debt, in violation of . . . the FDCPA" (emphasis added). The FTC did not specify which circumstances such a collection attempt would constitute a deceptive practice under the FDCPA.

In light of the foregoing, the Court affords little deference to the FTC's position as outlined in the Asset Acceptance complaint, the Consent Decree, and the Report. This is particularly so in light of the well-reasoned and sound judicial decisions that run contrary to the FTC's ambiguous position. Therefore, McMahon's class allegations, which seek to impose liability for Defendants' attempts to collect time-barred debts without disclosing that the debts are time-barred, are dismissed.

## II. Individual Allegations

McMahon's class allegations differ in a material respect from his individual allegations. Whereas McMahon's class allegations seek to broadly impose liability on

debt collectors for not disclosing that debts are time-barred, the individual allegations contain greater factual detail worthy of additional consideration. Particularly, McMahon alleges that Resurgent's response to McMahon's request for validation of the debt was deceptive because it did not disclose the date upon which the debt accrued.

In evaluating allegations of deceptive practices under the FDCPA, a court applies the "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp.*, No. 11-2334, slip op. at 5 (7th Cir. May 11, 2012) (citation omitted). The unsophisticated consumer is "uninformed, naive, or trusting," and "statements are not confusing or misleading unless a significant fraction of the population would be similarly misled." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (internal quotation and citation omitted). Generally, courts "view the confusing nature of a dunning letter as a question of fact, that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis*, slip op. at 6 (citations omitted).

McMahon maintains that Resurgent's letter was misleading because it suggested that the debt was recent and therefore actionable at law. When McMahon requested validation of the debt, Resurgent did not disclose the date that McMahon incurred the debt. Rather, Resurgent only stated that the "account was previously sold by Nicor Gas on or about 09-23-11" without disclosing that the debt was approximately fifteen years old. Because Resurgent disclosed the more recent date upon which it purchased

- 10 -

McMahon's account from Nicor Gas while excluding any mention of the date upon which McMahon incurred the debt, it is plausible that an unsophisticated consumer would be misled into believing that the debt was recent. This affirmative statement, coupled with Defendants' omission of the accrual date of the debt, plausibly suggests that McMahon is entitled to relief under the FDCPA. Accordingly, Defendants' motion to dismiss McMahon's individual allegations is denied.

### CONCLUSION

Based on the foregoing, Defendant's motion to dismiss McMahon's class-wide allegations is granted, and Defendants' motion to dismiss McMahon's individual allegations is denied.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __July 5, 2012__