IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MCMAHON, )<br>on behalf of plaintiff and the classes defined )<br>herein, )<br>   )<br>   Plaintiff, )<br>   )<br>   vs. )<br>   )<br>LVNV FUNDING, LLC, )<br>RESURGENT CAPITAL SERVICES, L.P.; )<br>ALEGIS GROUP, LLC; )<br>and TATE & KIRLIN ASSOCIATES, INC., )<br>   )<br>   Defendants. ) | 12 C 1410<br>Judge Kocoras |

**PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER OF JULY 5, 2012**

Plaintiff respectfully requests reconsideration of several aspects of the Court's decision of July 5, 2012.

First, the Court declined to give deference to the FTC's position in part because it found it to be ambiguous. Plaintiff disagrees that it is ambiguous – at the same time as the FTC filed the *Asset Acceptance* complaint and entered into the consent decree, it issued a notice to the industry stating that *Asset Acceptance* engaged in deception because it "failed to disclose that debts were too old to be legally enforceable or that a partial payment would restart the clock". (Plaintiffs' Response to Defendant's Motion to Dismiss, Appendix D) However, there is no question that the FTC took action, and that the action is inconsistent with the proposition that a debt collector attempting to recover on a time-barred debt violates the FDCPA only if the attempt is "accompanied by a threat of litigation" (Opinion, p. 4). If there is any question as to what the agency's position is, the Court should invite the FTC and Consumer Financial Protection Bureau to state their views. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 722 n. 2 (7th Cir. 2004); *Phillips v. AWH Corp.*, 376 F.3d 1382 (Fed. Cir. 2004). The word "deception" in the FDCPA and FTC Act should have the same meaning, regardless of whether a private party or the

Government is the plaintiff.[1]

Second, plaintiff requests that the Court alter the portion of the order that states that the motion to "dismiss McMahon's class-wide allegations is granted . . . ." Plaintiff has reason to believe, based on extensive litigation with LVNV/ Resurgent, that these defendants regularly cite a date of purchase to consumers, and that many people dunned on old debts will request verification. An example of such a communication to a different consumer is attached as Exhibit A. Plaintiff therefore requests leave to conduct discovery for the purpose of determining whether there is a class of persons to whom defendants have sent letters seeking to collect out-of-statute debts that cite a date of acquisition within the statute.

Third, plaintiff submits that the Court should also permit plaintiff to proceed on the theory that it is misleading to send a dunning letter on an out-of-statute debt offering a "settlement" that represents a "savings . . . off your balance."

The Court felt it is potentially misleading to respond to a request for verification by citing a recent date of purchase without mentioning the age of the debt (Cmplt., Exhibit C), because it suggests that the debt is recent enough to be legally enforceable. "Because Resurgent disclosed the more recent date upon which it purchased McMahon's account from Nicor Gas while excluding any mention of the date upon which McMahon incurred the debt, it is plausible that an unsophisticated consumer would be misled into believing that the debt was recent."

---

[1] We also wish to point out that while the Court stated in its opinion that "McMahon has not cited to any case law in which a court granted *Chevron* deference to an agency's consent decree with an unrelated party," Judge Shadur in *Ramson v. Layne*, 668 F.Supp. 1162, 1168-69 (N.D.Ill. 1987), treated complaints filed and consent orders obtained against endorsers by the FTC as setting forth the FTC's view that endorsers may be held liable under the FTC Act, albeit without citing *Chevron*. The court in *United States SEC v. Blackwell,* 291 F. Supp. 2d 673, 694 (S.D. Ohio 2003), granted *Chevron* deference to a consent order with an unrelated party, although it had since been followed in an adjudicated case. Furthermore, the court in *Kline v. Mortgage Electronic Security Systems*, 3:08cv408, 2012 U.S. Dist. LEXIS 55366 (S.D. Ohio April 19, 2012) held that an *amicus* brief interpreting the FDCPA filed by the FTC and the Consumer Financial Protection Bureau is entitled to *Chevron* deference, even where the agency's position is inconsistent with prior judicial decisions. The filing of a complaint and acceptance of a consent decree by one of those agencies is no less a statement of the agency's position and should also be entitled to deference.

(Opinion of July 5, 2012, Dkt. #44, pp. 10-11)

The Court thus recognized that even if there is no reference to litigation, a defendant collecting an out-of-statute debt may still violate the prohibition in the FDCPA against "The false representation of– (A) the character, amount, or legal status of any debt . . . ." (15 U.S.C. §1692e(2)(A)) A debt collector could not affirmatively misrepresent that a debt was last paid on a date within the statute. Similarly, a debt collector could not expressly represent (even without reference to litigation) that an out-of-statute debt was legally enforceable. Defendants' communication citing the acquisition date of the debt suggests just that.

Offering a "settlement" of an out-of-statute debt that represents a "savings . . . off your balance" (Cmplt., Exhibit A) is also "The false representation of– (A) the character, amount, or legal status of any debt . . . ." (15 U.S.C. §1692e(2)(A)). The language used suggests that the debt is recent enough to be legally enforceable. Most consumers would not read a collection letter offering a "settlement" representing a "savings . . . off your balance" as pertaining to an obligation that is purely a moral one and not legally enforceable. The letter implies a valid, legally-enforceable obligation. Even in the absence of a reference to litigation, Exhibit A is deceptive.

Thus, even if the Court rejects, as it did, the FTC's stated position that (Plaintiff's Response to Defendants' Motion to Dismiss, Dkt. # 35, Appendix D) Asset Acceptance engaged in deception because it "failed to disclose that debts were too old to be legally enforceable or that a partial payment would restart the clock," Exhibit A is just as much a misrepresentation of "the character, amount, or legal status of any debt" as misrepresenting dates concerning the debt.

        Respectfully submitted,

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26519\Pleading\Plaintiff's Motion for partial reconsideration_Pleading.WPD

4

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on July 9, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Nabil G. Foster
nfoster@hinshawlaw.com

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman