UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 12 C 1410 |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P.; ALEGIS GROUP, LLC; and TATE & KIRLIN ASSOCIATES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff Scott McMahon's ("McMahon") motion for leave to file additional authority and motion to reconsider our prior order dismissing his class-wide claims. For the reasons set forth below, McMahon's motion for leave to file additional authority is granted, though his motion to reconsider is denied. The Court grants McMahon leave to amend his complaint in a manner consistent with this Opinion.

## BACKGROUND

On February 28, 2012, McMahon filed a class-action complaint against Defendants LVNV Funding, LLC, ("LVNV"), Resurgent Capital Services, L.P.

("Resurgent"), Alegis Group, LLC, and Tate & Kirlin Associates Inc. ("Tate & Kirlin") (collectively, "Defendants"), alleging that they violated the Fair Debt Collection Practices Act ("FDCPA") by sending dunning letters to collect a time-barred debt. On September 23, 2011, Defendants purchased McMahon's fourteen year old debt from an Illinois utility company. On December 19, 2011, Tate & Kirlin sent McMahon a letter offering to "settle [his] account in full" for 40% of the balance. McMahon requested validation of the debt, and Resurgent responded that McMahon's account "was previously sold by Nicor Gas on or about 09-23-2011" without disclosing that the debt had been incurred in 1997. The four-year statute of limitations for the collection of McMahon's debt had long since lapsed. *See* 810 ILCS 5/2-725.

On July 5, 2012, the Court issued a Memorandum Opinion (the "July 5th Opinion") dismissing McMahon's class-wide claims. *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933, at *4 (N.D. Ill. July 5, 2012). We held that attempting to collect a time-barred debt without disclosing that the statute of limitations had expired, without more, did not constitute a violation of the FDCPA as a matter of law. *Id.* However, the Court allowed McMahon to proceed on his individual FDCPA claims. *Id.* The Court found that Resurgent's letter, which indicated the date that Defendants purchased the debt while omitting that the debt had been incurred nearly fifteen years earlier, plausibly suggested that Defendants had misrepresented the status

or character of McMahon's debt in violation of the FDCPA. *Id.* McMahon's class-wide claims did not contain similar allegations, but rather only alleged that Defendants' attempts to collect on a time-barred debt without disclosing that the statute of limitations had expired violated the FDCPA.

McMahon now invites the court to reconsider its holding with respect to the dismissal of the class-wide allegations and seeks leave to introduce additional authority to support his position.

## LEGAL STANDARD

A motion to reconsider a non-final order is properly brought pursuant to Federal Rule of Civil Procedure 54(b), which provides that such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Galvan v. Norberg*, No. 11-2319, slip op. at 13 n.3 (7th Cir. May 7, 2012). The decision to reconsider a previous ruling under Rule 54(b) is governed by the "law of the case" doctrine, whereby "a court generally should not reopen issues decided in earlier stages of the same litigation" absent a "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (citations omitted); *see Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Although a court maintains the discretion to revisit its prior holdings, it does so with a presumption against reopening matters already decided. *Minch*, 486 F.3d at 301.

## DISCUSSION

McMahon identifies two perceived deficiencies with the Court's July 5th Opinion. First, McMahon maintains that the Court erred by not granting deference to a complaint and consent decree entered into by the Federal Trade Commission (the "FTC") and Asset Acceptance, LLC ("Asset Acceptance"), an unrelated debt collector, in the Middle District of Florida. *See United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012). The Court declined to grant deference to the complaint or the consent decree because the FTC did not outline the reasoning, methodology, or factual predicate of its position in the litigation. *See Arobelidze v. Holder*, 653 F.3d 513 (7th Cir. 2011) (explaining that the persuasiveness of an agency's position is based upon "'the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control'") (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). The *Asset Acceptance* complaint and the consent decree merely delineated the FTC's stance on the conduct of Asset Acceptance, a single non-party defendant. The FTC's position regarding the conduct of a non-party defendant in a different jurisdiction is unpersuasive in a private suit

against a wholly unrelated debt collector, particularly when the current state of the law in this district is well-settled. *See e.g., Murray v. CCB Credit Servs., Inc.*, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004) (stating that attempting to collect on a time-barred debt without disclosing that the statute of limitations has expired is not a violation of the FDCPA absent an accompanying threat of litigation); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001) (same).

McMahon correctly points out that other courts have granted deference to agency interpretations of statutes as expressed in consent decrees and requests that the Court reconsider its interpretation of two such cases. First, in *Ramson v. Layne*, the court was confronted with whether advertisement endorsers could be held liable under the Illinois Consumer Fraud and Deceptive Practices Act. 668 F. Supp. 1162, 1165-69 (N.D. Ill. 1987). In the absence of any clear case law to guide its analysis, the Court granted some deference to the FTC's position regarding the liability of endorsers under the Federal Trade Commission Act ("FTC Act"). *Id.* at 1168. The court observed that the FTC had filed several complaints against endorsers under the FTC Act and entered into consent orders in every such case. *Id.* Here, in contrast, McMahon asks us to stray from well-settled case law based upon a single consent decree filed in a different jurisdiction without a sufficient legal justification for the FTC's position. Next, McMahon cites to *United States SEC v. Blackwell*, where the court granted deference to a consent order entered into between the SEC and an unrelated party. 291 F. Supp.

2d 674, 694 (S.D. Ohio 2003). In doing so, the court observed that there was "a paucity of jurisprudence that squarely addresse[d]" the issue before the court. *Id*. Here, courts in this district (and two circuit courts) have spoken directly on the issue McMahon seeks to raise in his lawsuit. Therefore, the Court remains unpersuaded by McMahon's legal authority.

McMahon also seeks leave to bolster his argument with more recently decided case law, which the Court now considers. In *Kline v. Mortg. Elec. Registration Sys., Inc.*, a district court in Ohio granted deference to the FTC and the Consumer Financial Protection Bureau's interpretation of the FDCPA. No. 3:08cv408, 2012 WL 1376995 (S.D. Ohio Apr. 19, 2012). The agencies' position was expressed in an *amicus curiae* brief in an unrelated case before the Supreme Court. *Id.* at *2-3. The *amicus* brief set forth the statutory and precedential justification for the agencies' position. *Id.* at *3. Here, on the other hand, neither the *Asset Acceptance* consent decree nor the complaint provide any insight into the legal basis for the FTC's position on the very narrow issue presented by McMahon. Moreover, McMahon's additional authority from the Southern District of Ohio does not suggest a change in the controlling law sufficient to override the presumption against revisiting an earlier decision under the law of the case doctrine. Accordingly, the Court is not persuaded that it erred in declining to give deference to the *Asset Acceptance* complaint and consent decree.

Second, McMahon requests that the Court alter the portion of the July 5th Opinion dismissing his class-wide allegations. McMahon's complaint sought to include a class composed entirely of those individuals to whom Defendants sent dunning letters to collect on time-barred debt. The Court held that without more, this conduct does not violate the FDCPA as a matter of law. *McMahon*, 2012 WL 2597933 at *4. McMahon now asks the Court to reconsider this decision, claiming that there may exist a class of persons to whom Defendants sent letters similar to the one Resurgent sent to McMahon: a letter citing the date that Defendants purchased the debt while omitting the date that the debt was incurred. As discussed in the July 5th Opinion, such allegations are sufficient to survive a motion to dismiss. *See id.* However, McMahon's class-wide claims make no such allegations, and the Court declines to disturb its prior Order dismissing those claims as they were pleaded. Nevertheless, the Court grants McMahon leave to amend his complaint to include class-wide allegations that incorporate this theory of liability.

McMahon also seeks leave to pursue his class claims on the theory that it is misleading for a debt collector to send a dunning letter offering a "settlement" that represents a "savings . . . off your balance" on a time-barred debt. McMahon contends that Defendants offer of a "settlement" implied that McMahon had a legally enforceable obligation to pay the debt. McMahon alleges that this was misleading because the statute of limitations on the debt had expired and Defendants had no cognizable claim

to recover on the debt. Whether a settlement offer in a dunning letter is deceptive is a fact-intensive question that is generally not resolvable at the pleadings stage of a lawsuit. *See DeKoven v. Plaza Associates*, 599 F.3d 578, 580 (7th Cir. 2010); *Evory v. RJM Acquisitions Funding, L.L.C*, 505 F.3d 769, 775-76 (7th Cir. 2007). In this case, an unsophisticated consumer may be deceived into believing that the offer of a "settlement" implies that there is a legally enforceable obligation to pay the debt. The lack of any case law to the contrary, coupled with the Seventh Circuit's reticence to resolve questions concerning the confusing nature of a dunning letter at the pleadings stage, plausibly suggests that the offer of settlement on a time-barred debt may violate the FDCPA.

## CONCLUSION

In light of the foregoing, McMahon's motion for leave to file supplemental authority is granted, although his motion to reconsider our earlier dismissal of his class-wide claims is denied. McMahon is granted leave to amend his complaint in a manner consistent with this Opinion.

_____
Charles P. Kocoras
United States District Judge

Dated:   August 13, 2012