IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and the classes defined herein, | )<br>)<br>) |
| Plaintiff, | ) Case No. 12-cv-01410 |
| v. | )<br>) Judge Kocoras |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC. ("Defendants"), by and through their attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, respectfully move this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Complaint filed by Plaintiff, SCOTT MCMAHON. Defendants state the following in support of their motion to dismiss:

**INTRODUCTION**

The Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. After this court dismissed Plaintiff's class claim with prejudice and denied the Plaintiff's motion to reconsider the dismissal of the class claims, Defendants LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP, LLC sent Plaintiff's counsel a settlement offer letter that offered the Plaintiff complete relief on any remaining individual claims under the FDCPA. As a result, Plaintiff's claims have been satisfied and this Court should dismiss this case for lack of subject matter jurisdiction.

On July 5, 2012, this Court issued a Memorandum Opinion that stated: "Therefore, McMahon's class allegations, which seek to impose liability for Defendants' attempts to collect time-barred debts without disclosing that the debts are time-barred, are dismissed." *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933, at *4 (N.D. Ill. July 5, 2012). Plaintiff filed a motion to reconsider this ruling and on August 13, 2012, this Court issued a Memorandum Opinion denying Plaintiff's motion to reconsider the July 5 order. In the August 13 Opinion, this Court stated:

> On July 5, 2012, the Court issued a Memorandum Opinion (the "July 5th Opinion") dismissing McMahon's class-wide claims. McMahon v. LVNV Funding, LLC, No. 12 C 1410, 2012 WL 2597933, at *4 (N.D. Ill. July 5, 2012). In that opinion, the Court held that "attempting to collect a time-barred debt without disclosing that the statute of limitations had expired, without more, did not constitute a violation of the FDCPA as a matter of law. Id. However, the Court allowed McMahon to proceed on his individual FDCPA claims. Id."
>
> *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 3307011, at *1 (N.D. Ill. August 13, 2012)

After this Court issued its ruling on August 13, Defendants sent Plaintiff's counsel a written settlement offer. The August 13 settlement letter is attached as Exhibit A. Defendants' settlement offer letter[1] offered the Plaintiff:

(1) $1,000 in damages to Plaintiff (the maximum statutory limit)

(2) payment of all costs related to the individual claims of Plaintiff

(3) payment of all reasonable attorney fees related to the individual claims of Plaintiff

(4) any other reasonable relief that is deemed by the Court to be necessary to fully satisfy Plaintiff for all the individual claims that are or that could have been asserted by the Plaintiff in this lawsuit.

---

[1] At the Court's suggestion in open court at the status hearing on August 15, 2012, Defendants made a Rule 68 offer of judgment on August 15, 2012, which is attached as Exhibit B.

Notwithstanding this Court's August 13th order, Plaintiff filed an Amended Class Complaint on August 15. In the Amended Complaint, Plaintiff alleges that the consumer collection letters referring to a "settlement" violate the FDCPA, §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f because they "contain settlement offers on time-barred debts without disclosure of the fact that the debt is time-barred." Plaintiff claims that the "nondisclosure in conjunction with the offers of a 'settlement' in Exhibit A implies a colorable obligation." (Am. Compl., ¶¶49,50). These claims differ little from the claims in the initial complaint and should again be dismissed. Defendants' letters do not explicitly or implicitly threaten litigation and extrapolating from a settlement offer that a lawsuit can or will be filed is not a reasonable reading of the letters.

In Plaintiff's original class action Complaint, that was subject to the July 5 order of dismissal and the August 13 order, Plaintiff requested the following relief:

(1) Statutory damages;

(2) Actual damages, including all amounts paid on time-barred debts;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

Plaintiff never paid anything to Defendants on the debt in this case; thus, although Plaintiff sought to recover "amounts paid on time-barred debts," Plaintiff has no actual damages to recover in this case. Thus, this Court should dismiss this case for lack of subject matter jurisdiction because the Plaintiff was offered complete relief for his individual claims. Therefore, this action is moot.

## ARGUMENT

### I. Plaintiff's Case Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

When this Court dismissed the class claims and confirmed the dismissal of the class claims on August 13, 2012, Plaintiff only had an individual claim against Defendants. On August 13, Plaintiff was offered complete recovery to satisfy his individual claim against Defendants. However,

3

Plaintiff, through his attorneys, chose not to accept that complete relief. Despite the Plaintiff's refusal to accept the complete offer of relief, there is nothing left to litigate according to case law in the Northern District of Illinois. The jurisdiction of this Court over Plaintiff's individual claims no longer exists and the case should be dismissed.

The Seventh Circuit has held that a plaintiff is not entitled to continue pursuing an action despite a defendant's willingness to pay the plaintiff in full. *See, e.g., Alliance to End Repression v. City of Chicago,* 820 F.2d 873, 878 (7th Cir.1987). Plaintiff was offered full relief in this action, and he declined to accept the offer. At that point, there was nothing more for this court to resolve on his individual claims, and the court therefore lacked subject matter jurisdiction over those individual claims. *See, e.g., Wilder Chiropractic, Inc. v. Pizza Hut of S. Wis., Inc.,* 2010 WL 4925270, at *3 (W.D.Wis.2010) (stating that "[t]he general rule is that a federal court loses jurisdiction over a case when the defendant offers the plaintiff all the relief he could obtain at trial because there is no more relief the court can provide"). *See also*, *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991).

In *Rand,* the Seventh Circuit stated that "[o]nce the defendant *offers to satisfy the plaintiff's entire demand,* there is no dispute over which to litigate, ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand,* 926 F.2d at 598 (emphasis added); *see also Alliance to End Repression*, 820 F.2d at 878 (stating that "a party must have an economic dispute with the defendant, one surviving the offer of settlement, to be allowed to press on in the face of the defendant's willingness to satisfy the plaintiff's initial demand"). In this case, the Plaintiff refused to accept the settlement offer of complete relief and chose to pursue a new class claim after rejecting the individual settlement offer from Defendants. Plaintiff should not be allowed to waste this Court's time and resources by unnecessarily try to continue to pursue class claims after Plaintiff was offered complete relief for his claims.

130417479 0932461

There is ample precedent upon which this Court can dismiss Plaintiff's case because Defendants offered Plaintiff complete relief prior to the filing of a motion for class certification. *See Damasco v. Clearwire Corp.* 662 F.3d 891, 896-97 (7th Cir. 2011) (a complete offer of settlement made prior to the filing of a motion for class certification moots the plaintiff's claim); *Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 969-70 (N.D. Ill. 2010) (a suit is mooted by an offer of complete relief, irrespective of Rule 68); *White v. Humana Health Plan, Inc.*, 2007 WL 1297130, *6-7 (N.D. Ill. 2007) (case is moot if complete offer is made before motions for class certification are filed) *citing Deposit Guar. Nat'l Bank, Jackson, Miss v. Roper*, 445 U.S. 326, 339 (1980). *See also Frascogna v. Sec. Check, LLC*, 2009 WL 57102, *1-2 (S.D. Miss. 2009) *citing Summit Office Park v. United States Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981) and *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 716 F. Supp. 2d 1085, 1090 (D.N.M. 2010) (A Rule 68 offer of judgment made before a motion for class certification is filed moots plaintiff's claims.) In this case, after this Court dismissed the class claim as failing to state a claim as a matter of law, Plaintiff had no other class claims pending against the Defendants. The Court held on July 5 that "attempting to collect a time-barred debt without disclosing that the statute of limitations had expired, without more, did not constitute a violation of the FDCPA as a matter of law. However, the Court allowed McMahon to proceed on his individual FDCPA claims." *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 3307011, at *1 (N.D. Ill. August 13, 2012). Plaintiff only had individual claims remaining and Defendants offered full relief for the individual claims.

As the Seventh Circuit made clear, it does not matter whether the maximum offer to plaintiff is made in the form of a Rule 68 offer of judgment or a regular written settlement offer. *Damasco*, 662 F.3d at 896-97. The distinction between a regular settlement offer and a Rule 68 offer is immaterial. *Martin*, 719 F. Supp. 2d at 973. The Tenth Circuit has stated: "As a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named

plaintiffs are satisfied and no class has been properly certified." *Lucero*, 716 F. Supp. 2d at 1091-92 (*citing Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009)). To allow a case, not certified as a class action, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III. *Damasco*, 662 F.3d at 896.

In this case, once the class claims were dismissed, all that remained was Plaintiff's individual claims. Those individual claims were fully compensated by Defendants' settlement offer. Since plaintiff was offered full compensation for his claims, there is no longer a dispute over which to litigate between Plaintiff and Defendants. *See Rand*, 926 F.2d at 598. *See also Lucero*, 716 F. Supp. 2d at 1085 (once defendant offers to satisfy the plaintiff's entire case, there is no dispute over which to litigate … and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1)). The only remedy a court without subject matter jurisdiction has is immediate dismissal. *See* Rule 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Any action by a court without subject matter jurisdiction, other than dismissal, is "ultra vires" and therefore void. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

**A. It is Plaintiff's burden to prove subject matter jurisdiction, not Defendants'**

It is not Defendants' burden to prove that this Court lacks subject matter jurisdiction. In order to survive dismissal, Plaintiff is required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Frascogna,* 2009 WL 57102, at *1-2 (*citing Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) and *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)). *See also Lucero*, 716 F. Supp. 2d at 1090. Plaintiff cannot sustain this burden and this case should be dismissed.

II. **Plaintiff's Case Should Be Dismissed For Failure To State A Claim**.

　　A. **Defendants' collection letters are neither deceptive nor unfair.**

Plaintiff alleges that Defendants engaged in unfair and deceptive practices and acts "by sending consumer collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time-barred." (Am. Compl., ¶49). Plaintiff also alleges "[t]he nondisclosure in conjunction with the offer of a 'settlement' in Exhibit A implies a colorable obligation to pay." (Am. Compl., ¶50). Plaintiff does not allege that the letter implicitly or explicitly threatens litigation. Implying that the debts are owed or "colorable" does not violate the FDCPA.

As this Court articulated in its August 13 order, seeking collection of a time-barred debt in the absence of a threat of litigation does not violate the FDCPA. *McMahon v. LVNV Funding, LLC*, 2012 WL 2597933, *2 (N.D.Ill.,2012). *See also Magee v. Portfolio Recovery Associates, LLC*, 2012 WL 3560996, *3 (N.D.Ill.,2012), *Murray v. CCB Credit Services, Inc.*, 2004 WL 2943656, at *2 (N.D. Ill. 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001).

The Seventh Circuit applies the "unsophisticated consumer" standard. *Gammon v. GC Srvcs*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005). The unsophisticated consumer standard protects debt collectors from idiosyncratic interpretations of communications (i.e. applying the view of a person with a modest education and who has some commercial savvy). *Durkin*, 406 F.3d at 414. Offering Plaintiff payment options does not imply that litigation can or will be initiated, nor would the unsophisticated consumer interpret the letters in such a manner.

Plaintiff claims the settlement offers are deceptive and unfair because they imply a colorable obligation to pay. (Am. Compl., ¶50). This Court, however, has already recognized that collection of time-barred debt is permissible and that a debt is still owed even if the statute of limitations for filing suit has expired. Therefore, Plaintiff's claim is essentially that the letters threaten litigation.

Plaintiff's reading of the letters to imply that a lawsuit will be filed is not reasonable but is bizarre and idiosyncratic. Further, the consumer collection letters do not contain language synonymous with litigation, such as "legal action," "legal department," or "legal means." *See Baptist v. Global Holding and Inv. Co., L.L.C.*, 2007 WL 1989450 (E.D.N.Y.,2007)(collecting cases). Other than claiming that the settlement offers imply litigation, Plaintiff provides no other basis for claiming that they are deceptive and unfair.

The Plaintiff's claim can be dismissed at the pleadings stage because the Seventh Circuit has advised that "if it is apparent from a reading of the letter that not even 'a significant fraction of the population' would be misled by it ..., the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 -575 (7th Cir. 2004) see also, *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 -777 (7th Cir. 2007) ("The last question presented by these cases is whether a claim of deception can ever be rejected in this circuit on the pleadings, since we treat issues of deception as ones of fact rather than of law. **The answer is yes**." (emphasis added) The letter in this case contains no language to indicate a threat of litigation, legal action or enforcement of the debt. "Additionally, a debt collector is allowed to use the term 'settle' or 'settlement' in a debt-collection letter". *Magee v. Portfolio Recovery Associates, LLC*, 2012 WL 3560996, *4 (N.D.Ill.,2012), citing *Evory v. RJM Acquisitions Funding LLC*, 505 F. 3d 769, 775-76 (7th Cir. 2007) (there is nothing improper about making an offer to settle). There is nothing in Ex. A that would mislead "a significant fraction of the population" and this Court should reject Plaintiff's claim at the pleading stage because it is one of those cases where the claim of disception can only be stated upon a contorted and idiosyncratic reading of the letter.

The letter offers an opportunity to pay the debt in full at a significant discount of 60%. The discount on the debt is open ended as the offer has no expiration date; thus, there is no reasonable way to interpret this letter as a precursor to any attempt to begin litigation or that this discount is the

8

"final" opportunity to pay. This letter is different than the issue raised in *DeKoven v. Plaza Associates*, 599 F.3d 578, 579 (7th Cir. 2010), where the Seventh Circuit advised "so while a debt collector can, if authorized by the creditor whom he is representing, make his initial offer a final one, he cannot pretend that it is final if it is not, in the hope that the debtor will think it final." There is simply no language in Defendant's letter upon which one can reasonably conclude that a significant fraction of the population would be misled to believe that the letter implied a threat of litigation to collect the debt or that the opportunity to pay a debt at a large discount was a "final" offer to pay the debt before litigation is commenced.

### B. The FDCPA does not require a debt collector to disclose that a debt is time-barred.

Plaintiff again claims that Defendants violated the FDCPA by failing to disclose that Plaintiff's debts are time-barred. (Am. Compl., ¶¶49, 50). This Court already addressed and rejected this argument: Section 1692g(a) of the FDCPA provides what information must be disclosed to the consumer in a debt-collection letter. 15 U.S.C. § 1692g(a). This section of the FDCPA does not contain a requirement that a debt collector must disclose that the consumer's debt is time-barred. *Magee*, 2012 WL 3560996, *4.

Plaintiff asks this Court to read language into the Act that is not there. When the language of a statute is plain, courts must enforce that statute according to its terms. *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 979 (7th Cir. 1998). The courts are prohibited from reading into clear statutory language a restriction that Congress itself did not include. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997).

In *Schaefer v. ARM Receivable Management, Inc.*, 09-11666-DJC, 2011 WL 2847768 (D. Mass. 2011), the plaintiff made similar allegations. There, the plaintiff alleged that the defendants violated Section 1692e(2) by attempting to collect a time-barred debt from him without disclosing that the debt was time-barred. The plaintiff also claimed by seeking payment on the debt and offering to

settle, the defendants sought to revive the debt which violated Section 1692f and 1692e(2) of the FDCPA. The court noted that a debt collector could seek voluntary repayment of a time-barred debt and also stated, "[in] addition, Schaefer cites no authority that stands for his proposition that a debt collector is required under the FDCPA to disclose that submitting a payment would revive or toll the statute of limitations." *Id.* at *4.

Similarly, in this case, there is no authority for Plaintiff's claim that the FDCPA requires a debt collector to disclose a legal opinion about when the statute of limitations has expired on a debt it is attempting to collect. There is also no authority that the FDCPA requires the disclosure of the specific dates of transactions giving rise to the claimed debt. Plaintiff's counsel is impermissibly seeking to rewrite the FDCPA through repeated attempts to advance the same legal theory in multiple cases.

### C. The FTC Consent Decree with Asset Acceptance has no relevance.

Plaintiff again mistakenly relies on the FTC Consent Decree with Asset Acceptance. However, this Court has already held that the Consent Decree should be entitled to no deference: As such, the FTC's determination of what constitutes a deceptive practice is to be given no deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Statutory interpretations by agencies are only entitled to substantial deference if the administrative body has rule-making authority. *Id.* at 843-44. The FTC does not have rule-making authority under the FDCPA. 15 U.S.C. §1692l(d); *see McMahon*, 2012 WL 2597933, at **2-3. Accordingly, the FTC's position in the Asset consent decree is not entitled to *Chevron* deference. *Magee et al v. Portfolio Recovery Associates, LLC*, No. 12 C 01624 (N.D.Ill. 2012).

Further, on reconsideration, this Court held:

> [Neither] the Asset Acceptance consent decree nor the complaint provide any insight into the legal basis for the FTC's position on the very narrow issue presented by McMahon. Moreover, McMahon's additional authority from the Southern District of Ohio does not suggest a change in the controlling law sufficient to override the

10

>presumption against revisiting an earlier decision under the law of the case doctrine. Accordingly, the Court is not persuaded that it erred in declining to give deference to the Asset Acceptance complaint and consent decree.

*McMahon v. LVNV Funding, LLC*, 2012 WL 3307011, *3 (N.D.Ill.,2012). Plaintiff merely raises the same allegations that this Court previously rejected, providing no other basis for claiming that the consumer collection letters are deceptive and unfair.

### D. The Validation of Debt is not misleading to the unsophisticated consumer.

Plaintiff also claims that Defendants violated the FDCPA by sending a "Validation of Debt" notice that disclosed when Defendants purchased the debt but omitted that Plaintiff's debt was time-barred. (Compl., ¶51). The FDCPA, however, does not require this disclosure in a validation notice. Rather, a validation notice sent by a debt collection agency to a debtor will comport with requirements of the FDCPA if the content of the notice complies with the literal terms of statute. *Smith v. Fin. Collection Agencies*, 770 F.Supp. 232, 235 (D.Del. 1991). In *Chaudhry v. Gallerizzo*, the Fourth Circuit stated that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." 174 F.3d 394, 406 (4th Cir. 1999). The Fourth Circuit further articulated:

>Consistent with the legislative history, verification is only intended to "eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Id.*

Other courts in examining the language and legislative history of the FDCPA uniformly have held that a "debt collector need not do much to verify a debt." *Forman v. Lauinger*, 2007 WL 1580082, at *6 (D.Mont. May 31, 2007). The Tenth Circuit held that, 15 U.S.C. § 1692g "is not intended to give a debtor a detailed accounting of debt to be collected." *Maynard v. Cannon*, 401 Fed.Appx. 389, 396 (10th Cir. 2010) (finding that because the debt collector "correctly identified the

11

original loan and the original lender," the debt collector did "all that § 1692g required it to do," thus the consumer was not entitled to relief even though the consumer sought additional information relating to the underlying debt). Similarly, where a debt collector provided no detailed information underlying the debt, but instead provided basic information restating the amount owed by the consumer and stating that the amounts were correct, the FDCPA verification requirement was met. *Carlson.*, 2012 WL 869946, *at 3 (internal citations omitted). Indeed, it appears as though every court to have examined the issue has held that verification -- in the form of confirmation of the amount of the debt and the identity of the creditor, which is then relayed to the debtor -- is sufficient. *Poulin v. The Thomas Agency*, 760 F.Supp.2d 151, 159 (D.Maine 2011). *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) (declining to follow plaintiff's invitation to impose a high threshold of what constitutes verification of a debt). This conclusion is consistent with the plain language of the statute. *Rudek v. Frederick J. Hanna & Assocs., P.C.*, 2009 WL 385804, *2-3 (E.D.Tenn. Feb. 17, 2009).

Plaintiff again erroneously asks this Court to read language into the Act that is not there. When the language of a statute is plain, courts must enforce that statute according to its terms. *See Bass*, 111 F.3d at 1326 (stating that courts are prohibited from reading into clear statutory language a restriction that Congress itself did not include). The Validation of Debt notice in this case complies with FDCPA because it confirmed "in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry,* 174 F.3d at 406. Furthermore, informing Plaintiff that the account was sold on a particular date does not imply that litigation can or will be commenced, nor would the unsophisticated consumer interpret such letters in this manner. *See Durkin*, 406 F.3d at 414-15 (stating that an unsophisticated consumer is deemed to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences) (internal quotations and citations omitted). Plaintiff's reads the Validation of Debt letter in a peculiar and idiosyncratic

12

manner. Such anecdotal proclamations of being confused will not suffice. *Durkin*, 406 F.3d at 414-15. Accordingly, Plaintiff's individual claims should be dismissed.

WHEREFORE, Defendants LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC and TATE & KIRLIN ASSOCIATES, INC., pray that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

|  |  |
|---|---|
| Date: September 5, 2012 | Respectfully submitted, |
|  | By: s/ Nabil G. Foster<br>One of the Attorneys for Defendants |

David M. Schultz
Nabil G. Foster
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail: dschultz@hinshawlaw.com
        nfoster@hinshawlaw.com