**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT MCMAHON, | ) | |
| on behalf of plaintiff and the classes defined | ) | |
| herein, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12-cv-1410 |
| | ) | |
| LVNV FUNDING, LLC, | ) | Judge Kocoras |
| RESURGENT CAPITAL SERVICES, L.P.; | ) | Magistrate Judge Denlow |
| ALEGIS GROUP, LLC; | ) | |
| and TATE & KIRLIN ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY**

Plaintiff respectfully asks the Court for leave to cite additional authority in further opposition to the motion to dismiss of Defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and Tate & Kirlin Associates, Inc. ("Tate & Kirlin").

In support of this motion, Plaintiff states as follows:

1. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility, and has also been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002 (Appendix A); 2012-CFPB-0003 (Appendix B); 2012-CFPB-0004 (Appendix C).

2. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations. . . ." (Appendix A, p. 6 of 35; Appendix B, p. 5 of 28).

3 Thus, five agencies have entered into four consent decrees explicitly based on the duty-to-disclose theory advanced by plaintiff here.

4. The order further requires disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (Appendix A, p. 7 of 35; Appendix B, p. 6 of 28). The decrees thus recognize that "settlement offers" can be misleading if they fail to disclose material information.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully asks the Court for leave to cite additional authority in further opposition to LVNV, Resurgent, Alegis and Tate & Kirlin's motion to dismiss.

    Respectfully submitted,

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

  I, Daniel A. Edelman, hereby certify that on October 2, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Nabil G. Foster
nfoster@hinshawlaw.com

                s/Daniel A. Edelman
                Daniel A. Edelman