IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 12-cv-01410 |
| v. | ) ) | Judge Kocoras |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendants, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC. ("Defendants"), by and through their attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, and in support of their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) state as follows:

## INTRODUCTION

A Plaintiff cannot avoid mootness by moving for class certification after receiving an offer for full relief. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In this case, after dismissal of the class claims alleged in Plaintiff's Complaint, Plaintiff was offered complete relief on his remaining individual claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, ("FDCPA"). After Defendants made their offer, Plaintiff's federal case was over. Even if this court finds that the claims brought in the Amended Complaint were not mooted by Defendants' offer, Plaintiff's Amended Complaint is subject to dismissal. Plaintiff alleges that Exhibits A and C to the Amended Complaint violate the FDCPA because neither disclose that the statute of limitations had expired on Plaintiff's debt. Plaintiff, however, points to nothing in

130442640 0932461

the FDCPA that requires Defendants to make such a disclosure.  If the disclosure requirement is not mandated by the FDCPA, a claim for nondisclosure cannot be brought under the Act.  *See Miller v. NCO Portfolio Management, Inc.*, 2010 WL 2671910 (S.D.Ind.,2010)(granting the defendants' motions to dismiss and holding it was "irrelevant" to the debtor's FDCPA action whether TILA required a bank to disclose how much a debt purchaser was willing to accept to settle the debtor's debt because the FDCPA could not be used as an enforcement mechanism under TILA).   For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

### I.  Plaintiff's Case Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

In the Complaint Plaintiff sought (1) Statutory damages, (2) Actual damages, including all amounts paid on time-barred debts, [1] (3) Attorney's fees, litigation expenses and costs of suit and (4) Such other and further relief as the Court deems proper.  Defendants' settlement offer letter offered the Plaintiff: (1) $1,000 in damages to Plaintiff (the maximum statutory limit), (2) payment of all costs related to the individual claims of Plaintiff, (3) payment of all reasonable attorney fees related to the individual claims of Plaintiff and (4) any other reasonable relief that is deemed by the Court to be necessary to fully satisfy Plaintiff for all the individual claims that are or that could have been asserted by the Plaintiff in this lawsuit.  Plaintiff does not dispute that he was offered full relief for his individual claims.  On the contrary, he argues that the Seventh Circuit case *Espenscheid v. Directsat USA LLC*, 688 F.3d 872 (7th Cir. 2012), supports the claim that "the prospect of an incentive award for a class action member who has otherwise settled his class claim is akin to a damages payment agreed in a settlement to be contingent on the outcome of the appeal, and the prospect of such a payment, though, probabilistic rather than certain, is

---

[1] Plaintiff made no payment on the debt and suffered no actual damage.

2

sufficient to confer standing." (Resp. at pp.4-5). *Espenscheid*, however, involved an agreement between the parties in which plaintiffs retained their right to appeal the court's decertification ruling and retained the right to seek enhancement payments in the event that the matter proceeded as a class. Specifically the order of dismissal provided:

> On March 6, 2012, the Court was advised that the parties have reached a settlement of the individual claims that provided for dismissal with prejudice of the Plaintiffs' claims, without waiver of any appellate rights the Plaintiffs may possess regarding the certification and decertification orders in this action including, to the full extent allowed by law, the rights of the individual Plaintiffs to seek enhancement payments and the rights of the class counsel to seek costs and attorneys' fees, should this matter be allowed to proceed as a class and/or collective action. *Espenscheid v. Directsat*, 3:09-cv-00625 (WD Wis. 2012)(Dkt #744).

The Seventh Circuit noted that the prospect of obtaining an incentive award if the plaintiff were successful on appeal was enough to confer standing but stated: "[w]ithout certification there is no class for a plaintiff to represent, and so he cannot hope to obtain an incentive award; he has accomplished nothing for the class and his own claim has been satisfied as the result of a voluntary negotiation." *Id.* at 875. Unlike this case, in *Espenscheid*, the parties agreed that settlement did not waive the plaintiffs' right to appeal decertification and agreed that plaintiffs did not waive the right to seek an incentive award.

In this case, when this Court dismissed the class claims and confirmed the dismissal of the class claims on August 13, 2012, Plaintiff only had an individual claim against Defendants. Plaintiff did not have any hope of obtaining an incentive award because Plaintiff did not represent any class at the time of the offer. *Espenscheid* does not change the outcome here. Since at the time of the offer, Plaintiff was offered complete relief, his claims are now moot. *See Damasco v. Clearwire Corp.* 662 F.3d 891, 896-97 (7th Cir. 2011) (a complete offer of settlement made prior to the filing of a motion for class certification moots the plaintiff's claim);

130442640 0932461

*Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 969-70 (N.D. Ill. 2010) (a suit is mooted by an offer of complete relief, irrespective of Rule 68); *White v. Humana Health Plan, Inc.*, 2007 WL 1297130, *6-7 (N.D. Ill. 2007) (case is moot if complete offer is made before motions for class certification are filed) *citing Deposit Guar. Nat'l Bank, Jackson, Miss v. Roper*, 445 U.S. 326, 339 (1980).

**II.  Plaintiff's Case Should Be Dismissed For Failure To State A Claim.**

**A.  Exhibits A and C are not misleading.**

Plaintiff's Response claims that the letters are "misleading" even if they do not contain a threat because (1) it is misleading to offer a settlement on a debt in which the statute of limitations has expired for filing suit to collect the debt and (2) it is misleading to attempt to collect a time-barred debt without disclosing that it is time-barred.

The Seventh Circuit stated that "Any document can be misread.  The Act [FDCPA] is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it."  *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir., 2000).  The problem with Plaintiff's theory is that one must engage in an ingenious misreading of the letters by assuming one of the following untrue propositions: (1) the offer of settlement implies that Defendants can or will file a lawsuit against Plaintiff or (2) Defendants have an obligation under the FDCPA to disclose that the debts are barred by the statute of limitations.  Neither proposition is true.

The inconvenient truth and the well established law that Plaintiff seeks to avoid through the ingenious misreading of the letters is that the statute of limitations does not extinguish a consumer's obligation to pay a debt when the right to sue on that debt has been barred.

130442640 0932461

**1. An offer of settlement does not imply anything about litigation.**

Plaintiff analogizes collection of a time-barred debt with collection of a debt that has been discharged in bankruptcy. Plaintiff relies on the Seventh Circuit case, *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007), stating, "the attempted collection of debts discharged in bankruptcy misrepresents the legal status of the debt, even absent a threat of suit and even though nothing prevents the voluntary payment of a discharged debt." (Resp. at p.7). The reason, however, that attempted collection of a debt discharged in bankruptcy violates the FDCPA's prohibition of falsely representing the legal status of a debt, is that once the debt is discharged, it is no longer owed. *See Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004)("A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not.").

Plaintiff's reliance on the bankruptcy analogy is misplaced because in the Seventh Circuit, the 'objective' unsophisticated consumer possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Williams v. OSI Educational Services, Inc.,* 505 F.3d 675, 678 (7th Cir, 2007). On remand from the Seventh Circuit and the direction penned by Judge Easterbrook in *Turner v. J.V.D.B. & Assoc.*, 202 Fed.Appx. 123, 125 (7th Cir.2006) [2], Judge Denlow thoughtfully wrestled with the meaning and application of the unsophisticated consumer standard in *Turner v. J.V.D.B. & Associates, Inc.*, 483 F.Supp.2d 631 (N.D.Ill., 2007) In *Turner*, the plaintiff received a letter from a debt collector

---

[2] The Seventh Circuit defined the question to be answered on remand in connection with the claim under section 1692e as "whether J.V.D.B.'s letter to Turner implied to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable." *Turner v. J.V.D.B. & Assoc.,* 202 Fed.Appx. 123, 125 (7th Cir.2006)

130442640 0932461

stating that she owed a debt; however, that plaintiff knew that same debt was already discharged in bankruptcy. *Id.* at 635. The debt collector's letter made no mention of the bankruptcy; thus, that knowledge was only in the mind of the plaintiff. *Id.* After a thorough analysis, Judge Denlow held that "Because the letter did not imply to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable, it did not violate section 1692e of the FDCPA." *Turner*, 483 F.Supp.2d at 635. (emphasis added).

Plaintiff misleadingly claims "[t]he only difference between a bankruptcy discharge and the statute of limitations is that under non-FDCPA law, any attempt to induce payment of a discharged debt is prohibited whereas the debtor must generally invoke his rights under a statute of limitations." (Resp., p.8). There is a big difference between the effect of a bankruptcy discharge and the effect of the statute of limitations for a lawsuit on an indebtedness  A bankruptcy discharge extinguishes the indebtedness whereas the statute of limitations places a time limitation on the ability to file a lawsuit. Statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc*., 199 Ill.2d 325, 770 N.E.2d 177 (Ill.,2002).

Plaintiff argues that it is "deceptive and unfair for a debt collector to take advantage of the consumer's ignorance of the legal defense." (Resp., p.8). This argument rests on the faulty premise that a letter seeking collection of time-barred debt is deceptive unless it discloses that the debt is time-barred. The FDCPA has no such requirement and liability under the FDCPA cannot be premised on a nonexistent duty to provide disclosures.

Plaintiff cites to *Kimber v. Federal Financial Corp*., 668 F.Supp.1480 (M.D.Ala. 1987) as the "leading decision" in this area. However, this Middle District of Alabama case is not only

130442640 0932461

distinguishable, it is not authoritative, particularly where there are recent decisions in this district on identical claims. *See Magee v. Portfolio Recovery Assoc., LLC*, No. 12 C 1624, 2012 WL 3560996 (N.D.Ill. Aug. 15, 2012); *Murray v. CCB Credit Services, Inc.*, 04 C 7456, 2004 WL 2943656 (N.D.Ill Dec. 15, 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001). Moreover the facts in *Kimber* are completely distinguishable because that case involved filing a lawsuit on a time-barred debt. In the present case, no lawsuit was filed or threatened.

**2.      An offer of settlement does not imply "legal" enforceability.**

Plaintiff claims that the offer of settlement is misleading because it implies a legally enforceable obligation to pay. (Resp. at p.9). This is just another way of saying that the offer implies a lawsuit can or will be filed. Nothing in Exhibits A or C supports such an ingenious misreading interpretation. Plaintiff claims "[a]n unsophisticated debtor is not going to think that letters offering a 'settlement' and 'savings' from a balance due are dealing with a purely moral obligation." (Resp. at p.10). Plaintiff's argument misses the mark. The fact that there is a procedural bar to the filing of a lawsuit for collection of a debt does not mean that the obligation to pay the debt is "moral." The obligation is contractual. Plaintiff made a promise to pay and breached that promise. The length of the statute of limitations for a particular claim is not equated with the validity of the claim. *See Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill.App.3d 642, 909 N.E.2d 876 (1st Dist. 2009)(applying 5-year statute of limitations for oral contracts to credit card debt noting that the court could not apply the 10-year statute of limitations for a written contract because there is no single integrated writing in a credit card transaction and noting that the statute of limitations did not take into account modern business

realties but that was a matter for the legislature). The application of the statute of limitations can be archaic and does not transform a contractual obligation into a "moral obligation."

Plaintiff claims that the court allowed plaintiff to replead a class claim based on the theory that the settlement offer in Exhibit A implied a "legally enforceable obligation." (Resp. at p.9). The court did so but noted "the lack of any case law to the contrary" and "the Seventh Circuit's reticence to resolve questions concerning the confusing nature of a dunning letter at the pleadings stage," *McMahon v. LVNV Funding, LLC*, 2012 WL 3307011 (N.D.Ill. Aug. 13, 2012) *citing DeKoven v. Plaza Associates*, 599 F.3d 578, 580 (7th Cir.2010); *Evory v. RJM Acquisitions Funding, L.L.C*, 505 F.3d 769, 775–76 (7th Cir.2007).

Since the court's August 13, 2012 order on reconsideration, Judge Darrah issued *Magee v. Portfolio Recovery Assoc., LLC*, No. 12 C 1624, 2012 WL 3560996 (N.D.Ill. Aug. 15, 2012) noting that it is not improper to offer a settlement on a time-barred debt. In addition, the Seventh Circuit opinions cited in the court's reconsideration order addressed the issue of whether a one-time settlement offer misleadingly implied there would be no further opportunity to settle. The Seventh Circuit suggested that unsophisticated consumers could be misled by such settlement offers and advised that debt collectors could use the safe harbor language "we are not obligated to renew this offer," to avoid such confusion. *Evory v. RJM Acquisitions Funding, L.L.C*, 505 F.3d 769, 776 (7th Cir.2007). Plaintiff does not argue here that the settlement offer in and of itself is misleading. As such, *Evory* and *Dekoven* do not apply. Rather, Plaintiff argues that what makes the offer misleading is the fact that it is offered on a time-barred debt. Offering to settle a time-barred debt is no different than sending a collection letter seeking to collect such debt. Since this court has already held that seeking the voluntary payment of a time-barred debt

130442640 0932461

does not violate the FDCPA, it should similarly hold that offering to settle a time-barred debt is permissible.

Plaintiff relies on Judge Bucklo's opinion in *Rawson v. Source Receivables Management, LLC., et. al.*, 2012 WL 3835096 (N.D.Ill.,2012) claiming that Judge Bucklo agreed with this court's order on reconsideration. Judge Bucklo, however, did not cite this case, nor did she reference any other recent case addressing Plaintiff's theory. Moreover, Judge Bucklo erred in denying Defendant's motion to dismiss in *Rawson* because in doing so she found that a collection letter's reference to "further collection efforts" and to contact Defendant "to make arrangements for payment" could lead an unsophisticated debtor to believe that the debt is legally enforceable. *Id.* at *2. The language "further collection efforts," however, is not a threat and does not convey anything at all about litigation. The Seventh Circuit has recognized that such language is "rhetoric." *See Sims v. GC Services L.P.*, 445 F.3d 959, 965 (7th Cir. 2006); *Quamina v. Retrieval Masters Creditors Bureau, Inc.*, No. 10-cv-01852, 2011 WL 1099483 (E.D.N.Y. Mar. 22, 2011)(noting that many avenues exist to collect debt and that statement "full collection activity will continue until this account is paid in full ... does not contain a threat of legal action ...."); *Ramsire v. Collectcorp, Inc.*, No. C 05-03401, 2005 WL 3095948 (N.D.Cal., Nov. 17, 2005)(reference to continuing collection efforts was not threat and that the alleged "threat" to continue collection efforts was not false, deceptive or misleading.).

In finding that the letter implied a legally enforceable obligation, the *Rawson* court created a standard that is not consistent with controlling Seventh Circuit precedent. What does the implication that the debt is "legally enforceable" mean? Does it mean that Plaintiff must prove that a sufficiently large segment of unsophisticated consumers would (1) understand that the letter threatens litigation, (2) understand that the letter implies the consumer might be sued,

or (3) understand that the statute of limitations has passed on the debt but that the letter falsely implies the statute of limitations has not passed? Plaintiff does not articulate what he means by "implying a legally enforceable obligation." However, Plaintiff now admits that the letters do not implicitly or explicitly threaten litigation. Plaintiff's theory is that Defendant had an obligation to disclose that the debt was time-barred and that it is the nondisclosure combined with the settlement offer that creates liability. (Am. Compl., ¶50). This court has already recognized that the FDCPA does not require disclosure, thus, Plaintiff's theory fails. *McMahon v. LVNV Funding, LLC*, 2012 WL 2597933 (N.D.Ill.,2012)("Notably, the FDCPA does not explicitly require a debt collector attempting to recover on a time-barred debt to disclose that the debt is time-barred.").

### 3. The CPFB and FTC consent orders do not establish disclosure requirements under the FDCPA.

Plaintiff again advocates that Consent Orders with non-parties establish that these parties had a duty to disclose the statute of limitations applicable to Plaintiff's debt. This court already twice rejected the claim finding that consent orders with non-parties do not bind Defendants. *McMahon v. LVNV Funding, LLC*, 2012 WL 3307011 (N.D.Ill., Aug. 13, 2012)("neither the Asset Acceptance consent decree nor the complaint provide any insight into the legal basis for the FTC's position on the very narrow issue presented by McMahon"); *McMahon v. LVNV Funding, LLC*, 2012 WL 2597933 (N.D.Ill., July 5, 2012("the Court affords little deference to the FTC's position as outlined in the Asset Acceptance complaint, the Consent Decree, and the Report. This is particularly so in light of the well-reasoned and sound judicial decisions that run contrary to the FTC's ambiguous position."). Plaintiff recently moved for leave to cite Joint Consent Orders between American Express Centurion Bank, American Express Bank, American Express Travel Related Services Company, Inc. and the CFPB. The decrees do not support

10

Plaintiff's theory under the FDCPA. Plaintiff claims that the consent orders recognize that "settlement offers" can be misleading if they fail to disclose material information because "[t]he order further requires disclosure of 'all material conditions, benefits and restrictions concerning any offer of settlement. . . .'" (Dkt. 59). Plaintiff's citation to the orders is misleading because while there is a reference to settlement offers, the issue was whether the American Express entities were accurately explaining the terms of a settlement offer. The CFPB fact sheet on the stipulations and orders states:

> The American Express subsidiaries also sent letters to consumers saying that after they paid off their old debt, the consumer's remaining debt would be waived or forgiven. But for customers who applied for a new American Express card, the company was not really forgiving or waiving the debt. American Express failed to prominently disclose that the consumer had to have paid the full balance before the bank would process any future credit or charge card application. These actions by the subsidiaries violate the Consumer Financial Protection Act which prohibits unfair, deceptive, or abusive acts or practices. (Ex. A).

Thus, the settlement offers were deceptive because they falsely advised that debt would be waived or forgiven by the settlement. The issue with American Express had nothing to do with the theories involved in this case. Plaintiff does not make any allegations that Defendants were not willing to settle on the terms set forth in Tate & Kirlin's letter. Moreover, while Plaintiff claims that the American Express consent orders support the "duty-to-disclose" theory advanced by the Plaintiff, the CFPB did not reference the FDCPA in the consent orders. On the contrary, the FDIC and CFPB found that the American Express entities violated the Federal Trade Commission Act, 15 U.S.C. §45(a)(1), the Consumer Financial Protection Act, 12 U.S.C. §§5531, 5536, the Truth in Lending Act, 15 U.S.C. §§1601 *et. seq.*, the Fair Credit Reporting Act, 15 U.S.C. §§1681 and the Equal Credit Opportunity Act, 15 U.S.C. §§1691. None of these statutes are at issue here.

11

**B. The validation of debt in Exhibit C is not misleading to the unsophisticated consumer.**

Plaintiff claims that Resurgent's validation of debt in Exhibit C violated the FDCPA by omitting that Plaintiff's debt was time-barred. (Am. Compl., ¶51). Because Resurgent provided the validation required by the FDCPA, its letter did not violate the FDCPA. Plaintiff claims that the validation is actionable because it did not disclose that "the debt itself is ancient." (Resp. at p.10). The information sent by Defendant complied with the terms of the statute. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). *Smith v. Fin. Collection Agencies*, 770 F.Supp. 232, 235 (D.Del. 1991). Plaintiff cannot piggyback a disclosure requirement onto Section 1692g, because the legislature clearly set forth all of the information that a debt collector is required to disclose in response to a validation request. In addition, Plaintiff is assumed to possess knowledge about his account including when the debt was incurred. *Franklin v. CCB Credit Svcs., Inc.*, No. 09 C 5307(N.D.Ill. 2011)("the unsophisticated consumer is imputed with knowledge of the account history…")' *see also*, *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 646 (7th Cir 2009) ("The unsophisticated consumer, with a reasonable knowledge of her account's history, would have little trouble concluding…"). Advising Plaintiff of the date on which his account was purchased from Nicor is not misleading. Accordingly, Plaintiff's individual claims should be dismissed.

WHEREFORE, Defendants LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC and TATE & KIRLIN ASSOCIATES, INC., pray that Plaintiff's Amended Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

130442640 0932461

Date: October 10, 2012

Respectfully submitted,

By: s/ Nabil G. Foster
One of the Attorneys for Defendants

David M. Schultz
Nabil G. Foster
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail: dschultz@hinshawlaw.com
        nfoster@hinshawlaw.com

130442640 0932461