UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT MCMAHON, on behalf of plaintiff and the classes defined herein,

Plaintiff,

vs.

LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC.,

Defendants.

12 C 1410

**ORDER**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion to dismiss brought by Defendants LVNV Funding, LLC's ("LVNV"), Resurgent Capital Services, L.P.'s ("Resurgent"), Alegis Group, LLC's ("Alegis"), and Tate & Kirlin Associates, Inc.'s ("T&K") (together "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and, in the alternative, 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss under Rule 12(b)(1).

In 1997, Plaintiff Scott McMahon ("McMahon") incurred a debt to an Illinois gas utility company. Sometime thereafter, Defendant LVNV purchased McMahon's debt. LVNV and Resurgent are under common ownership and

management, and Alegis Group is Resurgent's sole general partner. Resurgent retained T&K to collect McMahon's debt.

On December 19, 2011, T&K sent McMahon a letter seeking to collect the debt. The letter presented McMahon an "opportunity" to settle his account in full for $233.99. McMahon responded with a request for verification of the debt. In a letter dated January 13, 2012, Resurgent's indicated that McMahon's account "was previously sold by Nicor Gas on or about 09-23-2011 and at that time the balance on this account was $584.98." The letter did not disclose that the debt was approximately fifteen years old. Because the debt was incurred in 1997, the four year statute of limitations on collecting gas bills had lapsed. *See* 810 ILCS 5/2-725.

On February 28, 2012, McMahon filed a class-action complaint alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, by sending dunning letters that failed to disclose that the debts were time-barred. McMahon filed a motion for class certification contemporaneously with the complaint, which the Court entered and continued on March 13, 2012. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6). On July 6, 2012, the Court dismissed McMahon's class claims and allowed his individual claim to proceed. *See McMahon v. LVNV Funding, LLC*, 12 C 1410, 2012 U.S. Dist. LEXIS 92655 (N.D. Ill. July 5, 2012). On August 13, 2012, the Court denied McMahon's motion to reconsider,

but allowed him leave to amend the complaint. *See McMahon v. LVNV Funding, LLC*, 12 C 1410, 2012 U.S. Dist. LEXIS 113576 (N.D. Ill. August 13, 2012). Later that day, Defendants' attorney sent a facsimile ("fax") to McMahon's attorney offering to settle the lawsuit ("August 13th fax"). Specifically, in exchange for McMahon dropping his class claims, Defendants offered to pay McMahon (1) statutory damages in the amount of $1000 to satisfy his remaining individual claim under the FDCPA; (2) costs incurred related to his individual claims; and (3) reasonable attorney fees; and (4) "any other reasonable relief" in the event that the Court determines such relief necessary. McMahon did not respond. Two days later, on August 15, 2012, McMahon filed the instant amended class-action complaint along with an amended motion for class certification. Defendants' attorney again faxed a letter to McMahon's attorney with an offer identical to the one made on the August 13th. McMahon did not respond to this fax either.

Now before the Court is Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because McMahon's claim is moot, we need not reach Defendants' Rule 12(b)(6) motion.

In considering a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing that the Court has jurisdiction over his claim. *United Phosphorous, Ltd.*

*v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Defendants argue that the August 13th fax offered McMahon complete recovery for his individual FDCPA claim, that it was made prior to McMahon's motion for class certification, and that this mooted McMahon's claim because it deprived him of a personal stake in the matter. The mootness doctrine arises from Article III of the Constitution, which limits a federal court's jurisdiction to "cases" or "controversies." *Damasco v. Clearwire Corporation*, 662 F.3d 891, 894 (7th Cir. 2011) (*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The doctrine requires parties to maintain a personal stake in a lawsuit's outcome at all stages of the litigation. *Damasco*, 662 F.3d at 895 (citations omitted). A defendant's offer to satisfy the plaintiff's entire demand negates any dispute over which to litigate, whether or not the plaintiff accepts the offer, thus depriving the plaintiff of a personal stake in the lawsuit. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). In the context of a class-action lawsuit, a defendant's offer to satisfy the named plaintiff's claim in full moots the lawsuit so long as the offer is made prior to the plaintiff's motion for class certification. *Damasco*, 662 F.3d at 895 (collecting cases); *see also Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("[B]efore the class is certified, which is to say at a time when there are

many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, unless the offer comes before class certification is sought . . . .") (emphasis in original) (citations omitted).

On August 13, 2012, Defendants offered McMahon everything that he was entitled to under his remaining individual FDCPA claim: statutory damages, costs, and attorney's fees. Defendants made this offer before McMahon filed his amended class-action complaint and amended motion for class certification on August 15th. Because Defendants extended the offer before McMahon filed his amended motion for class certification, McMahon's claim is mooted.

McMahon relies on *Espenscheid v. Directsat USA, LLC*, 688 F.3d 872 (7th Cir. 2012), in arguing that Defendants' offer did not moot his claim because the offer did not seek to satisfy his award for serving as class representative. However, *Espenscheid* involved an agreement between the parties in which the plaintiffs retained their right to appeal the court's decertification ruling and to seek an incentive award for serving as class representatives in the event that the matter proceeded as a class. *Id.* at 874. The instant case lacks any such agreement between McMahon and the Defendants, and is therefore distinguishable from *Espenscheid*. Indeed, the *Espenscheid* Court recognized that a putative class representative's claim is mooted if the defendant's offer to settle

in full if the offer was made prior to the filing of a motion for class certification. *Id.* at 874 (*citing Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003).

McMahon also contends that Defendants' proffer of "any other reasonable relief that is deemed by the Court to be necessary to fully satisfy all of [McMahon's] individual claims" is too vague to constitute a valid offer. Determining whether an offer is valid requires application of contract law principles. *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998). "A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Acad. Chi. Publishers v. Cheever*, 578 N.E.2d 981, 983 (Ill. 1991). Defendants' willingness to pay McMahon "reasonable relief" in accordance with the Court's recommendation is not so uncertain as to belie the legal significance of Defendants' proposal. Accordingly, the term is sufficiently definite to constitute a valid offer.

Although McMahon and his counsel may understandably regard our ruling as harsh, McMahon has not put forth any argument that compels a different result. This is especially so in view of Seventh Circuit precedent, which has unequivocally eschewed recognizing an exception to the mootness doctrine where a defendant's offer to satisfy a putative class representative's individual claim in full is tendered prior to

a motion for class certification. *See Damasco*, 662 F.3d at 895-97. In light of Seventh Circuit precedent, dismissal here is appropriate.

For the foregoing reasons, Defendants' motion to dismiss is granted.

Charles P. Kocoras
United States District Judge

Dated: October 31, 2012