IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 1410 |
| v. | ) ) | Judge Jorge Alonso |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for their alleged violations of the Fair Debt Collection Practices Act. The case is before the Court on plaintiff's second amended motion for class certification. For the reasons set forth below, the Court denies the motion.

**Discussion**

Plaintiff asks the Court to certify three classes for its FDCPA claims, defined as:

Class A:

> (a) all individuals in Illinois (b) to whom LVNV, Resurgent or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect a debt that referred to a "settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after February 28, 2011 and on or before March 19, 2012, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.

Subclass 1 (alleged in the first amended complaint as Class C):

> [T]hose members of Class A who were sent a "Validation of Debt" notice similar to one attached as Exhibit C to Plaintiff's Amended Complaint. The "Validation of Debt" notice contained the date on which LVNV or Resurgent purchased the debt and not the date of default.

Subclass 2 (alleged in the first amended complaint as Class B):

> [A]ll persons in Class A who were sent a collection letter by Tate & Kirlin Associates, Inc.

(Pl.'s Reply Mem. Supp. 2d Am. Mot. Class Cert. at 3-4.) This definition of Class A, however, is different from the one plaintiff alleges in the first amended complaint. (*See* 1st Am. Compl. ¶ 55.) Defendants argue that the change in definition precludes class certification.

The parties do not cite, and the Court has not found, a Seventh Circuit case that states whether a court can evaluate a certification motion based on a class definition that differs from the one alleged in the complaint. Moreover, as Judge St. Eve noted in *Savanna Group, Inc. v. Trynex, Inc.*, No. 10 C 7995, 2013 WL 66181, at *2-3 (N.D. Ill. Jan. 4, 2013) (collecting cases), a number of district courts have refused to do so.

Here, however, it is difficult to see any practical advantage to requiring plaintiff to amend his complaint before the Court considers the propriety of certifying Class A as it is now defined. Defendants would raise the same arguments in opposition to a motion for leave to amend the class allegations that they raise now in opposition to certification. Moreover, having disavowed the alleged definition of Class A, plaintiff will have to amend the class allegations, regardless of how the certification issue is decided. Thus, though plaintiff should have asked to amend the class definition before moving for certification, requiring him to do so now would only delay the proceedings. Accordingly, the Court will evaluate the propriety of certifying the classes as amended.

Certification is proper only if each of the classes meets all of the requirements of Rule 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4). Rule 23(b) is satisfied if, as relevant here, common questions of law or fact predominate over any questions that affect only individual class members and a class action is superior to other available methods of adjudicating the dispute. Fed. R. Civ. P. 23(b)(3).

Defendants do not "challenge numerosity." (Resp. Opp'n Pl.'s 2d Am. Mot. Class Cert. at 5 n.1.) Therefore, the Court starts with commonality, which "generally exists when the defendant has engaged in standardized conduct towards the members of the proposed class." *Parkis v. Arrow Fin. Servs., LLS*, No. 07 C 410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 8, 2008) (quotation omitted). Plaintiff alleges that defendants violated the FDCPA by sending a letter and/or validation of debt notice to putative class members offering to settle a debt without disclosing the fact that the statute of limitations on the debt had expired. (1st Am. Compl. ¶ 49.) Whether defendants, in fact, sent such letters and whether the letters were unfair or deceptive in violation of the FDCPA are questions common to the classes. Thus, the commonality requirement of Rule 23(a) is satisfied.

"The question of typicality in Rule 23(a)(3) is closely related to the . . . question of commonality." *Rosario*, 963 F.2d at 1018. "A 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp,*

3

*Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Such is the case here. Therefore, the typicality element is also met.

The issue of adequacy depends on "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the absentee members." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). Plaintiff's counsel is experienced in class action litigation and, though plaintiff does not have a claim for actual damages like the other putative class members, his claims are not "antagonistic [to]" or in "conflict[] [with]" the other members' claims. *Rosario*, 963 F.2d at 1018 (stating that "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims"). Accordingly, the adequacy requirement is met.

That is only the half the battle, however, as the classes must also satisfy Rule 23(b), which requires that common questions predominate over individual ones and that a class action be a superior method of adjudicating the dispute. Because these classes include consumers seeking actual damages, *i.e.*, those who paid some part of the debt after receiving a letter or notice of validation, there will be individual issues of causation and damages. Even if, as plaintiff asserts, the amount of damages due each class member is "capable of ministerial determination" (Mem. Supp. Pl.'s 2d Mot. Class Cert. at 11), causation, *i.e.*, determining whether class members paid the debt because of the letter, out of moral compulsion, or for some other reason, is not. *See* 15 U.S.C. § 1692k(a)(1) ("[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . . any actual damage sustained by such person *as a result of such failure*) (emphasis added); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the

statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'") (quotation omitted). Moreover, given that Class A is estimated to have 3,000 members (*see* Mem. Supp. Pl.'s 2d Mot. Class Cert. at 10), the individual issues will dwarf the issues common to the class, making this case unsuitable for class certification.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for class certification [131]. Plaintiff is ordered to amend its complaint to allege the class definition set forth in its motion for class certification within seven days of the date of this Memorandum Opinion and Order.

**SO ORDERED.**                                                    **ENTERED:   June 15, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**