**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT MCMAHON, | ) | |
| on behalf of plaintiff and the classes defined | ) | |
| herein, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12-cv-1410 |
| | ) | |
| LVNV FUNDING, LLC, | ) | Judge Alonso |
| RESURGENT CAPITAL SERVICES, L.P.; | ) | Magistrate Judge |
| ALEGIS GROUP, LLC; | ) | |
| and TATE & KIRLIN ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Pursuant to this Court's Order of June 15, 2015 files his Second Amended Complaint. Plaintiff Scott McMahon brings this action to secure redress from unlawful collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and Tate & Kirlin Associates, Inc. ("Tate & Kirlin").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted plaintiff within this District;

b.      Defendants do or transact business within this District.

### PARTIES

5.      Plaintiff Scott McMahon is an individual who resides in the Northern District of Illinois.

6.      Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.   It does or transacts business in Illinois.

7.      Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

9.      Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

10.      Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

11.      Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

12.      Defendant LVNV is a "debt collector" as defined in the  FDCPA.

13.      Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.  It does or transacts business in Illinois.

14.      Defendant Resurgent operates a collection agency.

15.      Defendant Resurgent holds one or more collection agency licenses.

16.      Defendant Resurgent uses the mails and telephones to collect debts

originally owed to other entities.

17.     Defendant Resurgent is a debt collector as defined in the FDCPA.

18.     Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.   It is the sole general partner of Resurgent.  As such, the acts of Resurgent are attributed to it.

19.     Defendant Tate & Kirlin Associates, Inc. is a Pennsylvania corporation with its principal place of business located at 2810 Southampton Road, Philadelphia, PA, 19154.

20.     Tate & Kirlin operates a collection agency and regularly collects debts originally owed to others, using the mails and telephone system for that purpose.

21.     Tate & Kirlin is a debt collector as defined in the FDCPA.

### RELATIONSHIP BETWEEN LVNV AND RESURGENT

22.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

23.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

24.     Defendant LVNV formerly stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

25.     Defendant LVNV also stated on its Web site that "All capital markets and

business development activities are handled internally, while the management of purchased

assets is outsourced to a third-party specializing in the management of these types of consumer

assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of

domestic and international consumer debt portfolios for credit grantors and debt buyers, and has

been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt

collector, may perform these activities directly, or in many cases, will outsource the recovery

activities to other specialized, licensed collection agencies. If you are a customer, please direct

your inquiries to the firm currently working your account."

26.     The Web site has since become inactive, but the above statements

continue to describe the relationship between LVNV and Resurgent.

27.     Defendants Resurgent and LVNV are under common ownership and

management.  Both are part of the Sherman Financial Group.

28.     On information and belief, based on the Resurgent web site and statements

in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard,

2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity

complained of herein even though it was taken in the name of LVNV.

### FACTS

29.     On or about December 19, 2011, Tate & Kirlin sent plaintiff the letter

attached as Exhibit A.

30.     Tate & Kirlin sent Exhibit A on behalf of LVNV.

31.     Resurgent sent the purported debt to Tate & Kirlin on behalf of LVNV.

32.     On information and belief, pursuant to the arrangements between LVNV

and Resurgent described above, Resurgent arranged for the retention of Tate & Kirlin.

33.     Exhibit A sought to collect a purported residential gas bill incurred for

personal, family or household purposes and not for business purposes.

34.     Exhibit A offers the alleged debt for "60% off" the balance.

35.     If the debt is owed at all, it was incurred during 1997.

36.     The statute of limitations on a gas bill in Illinois is 4 years.

37.     Defendants regularly seek to collect gas bills.

38.     Defendants also regularly seek to collect credit card bills.

39.     The statute of limitations on a credit card bill in Illinois is five years.

40.     Defendants regularly send letters offering to settle debts on which the statute of limitations has expired.

41.     Plaintiff disputed the alleged debt.  On or about December 29, 2011, plaintiff sent Tate & Kirlin the letter attached as Exhibit B.

42.     On or about January 13, 2012, defendant Resurgent sent plaintiff the letter attached as Exhibit C, seeking to collect the same debt.

43.     The second page of Exhibit C, the Validation of Debt, indicates that the debt was purchased on September 23, 2011, implying that the debt was recently incurred.

44.     Nothing in Exhibit A or Exhibit C disclosed that the debt was barred by the statute of limitations.

45.     Nothing in Exhibit A or Exhibit C disclosed the date of the transactions giving rise to the claimed debt.

46.     It is the policy and practice of defendants to send letters such as Exhibit A seeking to collect time-barred debts that contain offers to settle the debts thereby implying that the debts are legally enforceable.

47.     It is the policy and practice of defendants to send letters such as the Validation of Debt contained in Exhibit C seeking to collect time-barred debts that provide the date on which Defendants purchased the debts, but do not disclose the dates of the transactions giving rise to the debts.

48.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . .

. . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**VIOLATION ALLEGED**

49.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time-barred.

50.     The nondisclosure in conjunction with the offer of a "settlement" in Exhibit A implies a colorable obligation to pay.

51.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers a "Validation of Debt" in the form contained in Exhibit C that disclosed the date that Defendant purchased the debt, but without disclosure of the fact that the debt is time-barred.

52.     Section 1692e provides:

> **§ 1692e.       False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

6

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

53.    Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

54.    Plaintiff brings this claim on behalf of a Class, designated as Class A, and three subclasses: Subclass 1, Subclass 2 and Subclass 3, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

55.    Class A consists of  (a) all individuals in Illinois (b) to whom LVNV, Resurgent or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect a debt that referred to a "settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after February 28, 2011 and on or before March 19, 2012, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.  There are three subclasses of the revised Class A.

56.    Subclass 1 consists of those members of Class A who were sent a "Validation of Debt" notice similar to one attached as Exhibit C to Plaintiff's Amended Complaint.  The "Validation of Debt" notice contained the date on which LVNV or Resurgent purchased the debt and not the date of default.

57.    Subclass 2 includes all persons in Class A who were sent a collection letter by Tate & Kirlin Associates, Inc.

58.    Subclass 3 includes all persons whose debts were more than seven and

half

years old after the inception of the delinquency that resulted in a charge-off.

59.    Each class is so numerous that joinder of all members is not practicable.

60.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants attempt to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

61.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

62.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

63.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the classes are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

64.    Plaintiff requests certification of either: (a) a class as to all issues, or (b) a class on liability and statutory damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      (1)    Statutory damages;

      (2)    Actual damages, including all amounts paid on time-barred debts;

      (3)    Attorney's fees, litigation expenses and costs of suit;

      (4)    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26519\Pleading\Second Amended Complaint_Pleading-0001.wpd