IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and a class,<br><br>    Plaintiffs<br><br>vs.<br><br>LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC,<br><br>    Defendants. | Case No. 12-cv-1410<br><br>Judge Jorge L. Alonso |

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the parties Joint Motion for Preliminary Approval, hereby grants preliminary approval of the Class Settlement Agreement ("Agreement") between Scott McMahon ("McMahon", or "Plaintiff"), individually and as a representative of the class of persons defined below ("Class"), and Defendants LVNV Funding ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and Tate & Kirlin Associates, Inc. ("Tate") (Collectively, "Defendants"), and finds as follows:

    1.    The terms of the Agreement are reasonable and fair and are hereby approved by the Court, subject to the final fairness hearing described below.

    2.    The following class has been previously certified by the Court and are subject to the terms of the Settlement Agreement:

    **Class:** (a) all individuals in Illinois (b) to whom LVNV, Resurgent or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect a debt that referred to a "settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the

      letter (e) which letter was sent on or after February 28, 2011 and on or before March 19, 2012, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.

      3.      Edelman, Combs, Latturner & Goodwin, LLC is appointed Class Counsel.

      4.      The Court approves the parties' proposed Class Notices, <u>Exhibit 1</u> ("Post Card Notice") and <u>Exhibit 2</u> ("Website Notice") and directs Defendants to cause <u>Exhibit 1</u> to be mailed to the last known address of the class members as shown in Defendants' records on or before ***<u>December 20, 2018</u>***. The Class Administrator shall distribute the Post Card Notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt.

      5.      The Court finds that mailing of class Post Card Notice and the establishment of the website <u>mcmahon12cv1410.com</u> containing the Website Notice is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

      6.      Class members have until ***<u>February 19, 2019</u>***, or the first business day after the 60th day after the initial mailing of the class notice on ***<u>December 20, 2018</u>***, to complete and submit or postmark the claim forms, a request to be excluded or object to the proposed settlement.

      7.      A request for exclusion submitted by U.S. Mail must be in writing and state "I hereby wish to exclude myself from the settlement in *McMahon v LVNV Funding, LLC et al*, Case No. 12-cv-1410 (N.D.Ill)." The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to the Class Administrator at the address provided in the Class Notice and received by such date as set by the

Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. The Class Administrator shall forward copies of all requests for exclusion to Counsel for the Parties no later than seven days after the deadline for Class Members to submit such requests.

8. All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

9. Class Counsel shall file a preliminary notice of Class Counsel's attorney fees and expenses by __December 12, 2018__ which the Court shall rule on at the final approval hearing.

10. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the request for Class Counsel for attorney's fees and expenses will be held on **March 21, 2019 at 11:00 a.m**.

11. Defendants shall deliver all settlement funds required under the Agreement, to be held in trust in accordance with the terms of the Agreement by March 7, 2019.

12. Defendant shall file a notice that they have complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) by __November 25, 2018__.

ENTERED:

11/20/18

_____
Jorge L. Alonso
United States District Judge

3