IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MCMAHON, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 12-cv-1410 |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, and TATE & KIRLIN ASSOCIATES, INC, | ) ) ) ) ) ) | Honorable Judge Alonso |
| Defendants. | ) | |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement"), between Scott McMahon ("McMahon"), individually and as a representative of the class of persons defined below ("Class"), and Defendants, LVNV Funding ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and Tate & Kirlin Associates, Inc. ("Tate") (Collectively, "Defendants"), the Court orders and finds as follows:

1. On November 20, 2018, the Court preliminarily approved the Agreement on behalf of Plaintiff and the Class consisting of:

   **Class Definition**: (a) all individuals in Illinois (b) to whom LVNV, Resurgent or any debt collector employed by LVNV or Resurgent (c) sent a letter seeking to collect a debt that referred to a "settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after February 28, 2011 and on or before March 19, 2012, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.

2. Edelman, Combs, Latturner & Goodwin, LLC has been appointed Class Counsel.

3. The Court approved the parties' proposed Class Notice and directed it be mailed to the last known address of the class members as shown on Defendants' records on or before December 20, 2018. The Court is informed that actual notice was sent by first class mail to approximately 3,074 class members by the Settlement Administrator. A total of 670 envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. A total of 7 notices were either forwarded by the U.S. Postal Service to a new address or were returned by the U.S. Postal Service with a new address and remailed by the Settlement Administrator. No Class Members requested exclusion, and no objections were filed or received.

4. The Court is informed that the Settlement Administrator received 24 claim forms which were postmarked after the February 19, 2019 deadline for submissions, which the parties have jointly requested be included as valid claimants such that the late claimants are entitled to receive a portion of the settlement funds. The Court hereby approves the inclusion of the late claim forms received as of March 20, 2019.

5. The Court is further informed that the Settlement Administrator received 3 claim forms which were completed by an agent or power of attorney of the class member ("Questionable Claim Forms"). At the parties' request and with the approval of this Court, the 3 Questionable Claim Forms are hereby approved by this Court, such that each will receive a portion of the Class Settlement Fund.

6. On March 21, 2019, the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement at the fairness hearing.

7. The Court finds that the provisions for notice to the class satisfy the requirements of the Federal Rules of Civil Procedure 23 and due process.

8. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendants.

9. Defendants have reported that they have delivered the Class Recovery of $85,900.00 to the Settlement Administrator to be held in trust until the Effective Date of the Agreement. Within two (2) weeks of the Effective Date, the Settlement Administrator will distribute the Class Recovery among class members who submitted claim forms ("Participating Class Members"). Participating Class Members will receive a pro rata share of the Tier 1 Class Recovery and a return of any payments made within 45 days of the placement of the debt for collection from the Tier 2 Class Recovery by check. Checks issued to Participating Class Members will be void after 90 days ("void date");

10. Defendants have reported that they have delivered two checks to Class Counsel to be held in trust until the Effective Date of the Agreement. The first check, in the amount of $5,000.00, will be held in trust for Plaintiff's recovery and incentive awards. The second check, in the amount of $446,000.00, will be held in trust for Attorney Fees and costs as set forth in of the Agreement.

11. Upon the Effective Date, the Plaintiff and the Class Members grant the following release:

> Each Plaintiff and Class Member who does not submit a valid and timely request for exclusion, releases and discharges the Defendants, as well as their predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates and trustees (in their respective capacities as such), (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory,

treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, that were alleged in the Litigation or that arise out of or relate to the conduct alleged in the Litigation, including, without limitation, those based on violation of the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law.

12. The Court finds the Agreement fair and made in good faith.

13. The terms of the Agreement are incorporated into this order.

14. The Court approves Chicago Law and Education Foundation as the designated *cy pres* recipient. If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed to the Chicago Law and Education Foundation within 30 (thirty) days following the last Void Date of the settlement checks.

15. The Court approves Class Counsel's request for an award of attorney's fees and costs of $446,000.00, which is paid in addition to the Class Recovery.

16. The Court approves Class Counsel's request for an award of $5,000.00 to Plaintiff for his damages and as an incentive for representing the Class, which is also paid in addition to the Class Recovery.

17. The claims of Plaintiff and the Class are dismissed with prejudice and without costs.

ENTERED:

3/22/19

_____
Jorge L. Alonso
United States District Judge